OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
This article 78 proceeding in the nature of prohibition was commenced in the Appellate Division, even though only the District Attorney of Sullivan County and the Chief Assistant District Attorney were named as respondents. We agree with the concurring opinion of Justice *790 Paul J. Yesawich that the Appellate Division had no original jurisdiction to entertain the proceeding. CPLR 7804 (subd [b]) provides that: “A proceeding under this article shall be brought in the supreme court, special term, in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides”. CPLR 506 (subd [b]) is the venue provision for special proceedings and provides that an article 78 proceeding shall be commenced in any county within the judicial district where the challenged determinátion was made, where proceedings in the matter or material events took place or where the principal office of respondent is located, except that “a proceeding against a justice of the supreme court or a judge of a county court or the court of general sessions shall be commenced in the appellate division in the judicial department where the action * * * is triable” (CPLR 506, subd [b], par 1).*
CPLR 7804 (subd [b]) concerns the subject matter jurisdiction of the lower courts in article 78 proceedings. Considered with the provision it refers to (CPLR 506, subd [b]), the statute clearly requires that such a proceeding be commenced in Supreme Court, unless certain Judges are named respondents, in which case it must be commenced in the Appellate Division. Although as a venue provision, CPLR 506 (subd [b]) is waivable, to the extent that it also sets jurisdictional limitations, by virtue of the reference to it in CPLR 7804 (subd [b]), the provisions cannot be waived. The question whether a proceeding must be commenced in Supreme Court or the Appellate Division (as opposed to which county or department) clearly concerns subject matter jurisdiction. Thus, the present case, which named no Judge as respondent, was improperly commenced in the Appellate Division.
Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Chief Judge Cooke and Judge Simons taking no part.
Judgment affirmed, without costs, in a memorandum.

 Contrast the express grant of jurisdiction found in CPLR 7804 (subd [g]).