■ In the Matter of DONNA WILLIAMS et al., Petitioners, v DONALD J. SHANLEY et al., Respondents.—Per Curiam. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506 [b] [1]) to prohibit respondent Donald J. Shanley from pursuing an appeal from an order in a related criminal action.

In October 1987, an indictment was handed up naming petitioners in this proceeding as defendants in a criminal action. Rensselaer County District Attorney James B. Canfield disqualified himself from the case based upon a conflict of interest arising out of his relationship with one of the petitioners. Respondent M. Andrew Dwyer, Jr., Rensselaer County Judge, appointed respondent Donald J. Shanley as Special

Rensselaer County District Attorney. Dwyer subsequently disqualified himself from the case and Ulster County Judge Francis J. Vogt was appointed as Acting Rensselaer County Judge. Vogt eventually dismissed the indictment without prejudice upon the ground that the indicting Grand Jury had been extended in violation of CPL 190.15. Shanley appealed Vogt's order to this court, which appeal is currently pending. Petitioners then commenced the instant CPLR article 78 proceeding in this court pursuant to CPLR 506 (b) (1) against Shanley and Dwyer seeking a judgment prohibiting Shanley from appealing Vogt's order in the criminal action. Dwyer has moved to dismiss the proceeding upon the ground that this court lacks subject matter jurisdiction to hear it.

The proceeding must be dismissed. An article 78 proceeding in the nature of prohibition must be commenced in Supreme Court unless relief is sought against certain Judges, including County Judges, in which case the proceeding shall be commenced in this court *(Matter of Nolan v Lungen,* 61 NY2d 788, 790; *see,* CPLR 506 [b] [1]; 7804 [b]). Here, although petitioners have named Dwyer as a respondent, a close review of their petition reveals that they do not seek relief against Dwyer in this proceeding. Consequently, since Dwyer is not an actual respondent, the proceeding must be dismissed for lack of subject matter jurisdiction *(see, Matter of Nolan v Lungen, supra).*

Moreover, in order to conserve judicial resources and avoid unnecessary delay in the pending appeal in the criminal action, we feel it appropriate in this case to comment on the merits of petitioners' article 78 proceeding despite our conclusion that the matter should have properly been commenced in Supreme Court *(see, Matter of Herald Co. v Roy,* 107 AD2d 515, 519, *appeal dismissed* 65 NY2d 922, *lv denied* 65 NY2d 610). It is our view that prohibition is not appropriate in this case. Petitioners have an adequate remedy at law in that all of the issues raised in this proceeding can be addressed in the context of the criminal appeal *(see, Matter of Dondi v Jones,* 40 NY2d 8, 13). In fact, petitioners have pending in the criminal appeal a motion to disqualify Shanley based upon the same grounds as raised in this prohibition proceeding. It appears to us that this proceeding does not furnish a more complete remedy and, in fact, is merely frustrating the orderly administration of justice by way of an unjustified collateral proceeding *(see, La Rocca v Lane,* 37 NY2d 575, 579, *cert denied* 424 US 968).

Motion granted and petition dismissed, without costs. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur.