■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY TAYLOR, Petitioner, v IRENE VALENTINE, Respondent.—Proceeding, purportedly pursuant to CPLR article 78, to prohibit further proceedings by the respondent, a parole officer for the New York State Division of Parole, from her alleged efforts to have the petitioner adjudicated in violation of parole, and motion by the New York State Attorney-General to dismiss the petition for the reason that the remedy of prohibition does not lie under the facts and circumstances alleged.

Ordered that the motion is granted, without costs or disbursements; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

The Appellate Division does not have original jurisdiction to entertain the instant proceeding pursuant to CPLR article 78 against a parole officer (see, CPLR 7804 [b]; *Matter of Nolan v Lungen,* 61 NY2d 788; *Matter of Williams v Shanley,* 138 AD2d 885). Moreover, although the matter is captioned as a habeas corpus proceeding pursuant to CPLR article 70 would be captioned, and the petitioner is actually seeking immediate release in the nature of habeas corpus relief, even if we were to deem the instant proceeding as an application for a writ of habeas corpus, the Supreme Court, Dutchess County, has already denied habeas corpus relief, and the petitioner's remedy would be an appeal in that proceeding. Furthermore, we note that the petitioner has failed to exhaust his administrative remedies pursuant to Executive Law § 259-i. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.