■ In the Matter of TRACY L. CARD, Petitioner, v CHARLES J. SIRAGUSA, as Supreme Court Justice, Respondent. [626 NYS2d 336] —Petition unanimously dismissed without costs. Memorandum: On August 31, 1994, petitioner submitted a petition pursuant to article 81 of the Mental Hygiene Law and a proposed order to show cause to Supreme Court, Monroe County, seeking to be appointed guardian of the person and property of her husband, William F. Card (Card). The petition alleged that the appointment of a guardian was sought because of "Mr. Card's complete lack of judgment and lack of concern for his health, the care and support of his wife, the financial responsibilities of the parties * * * and his inability to understand or appreciate the nature and consequences of his actions as it relates to himself, others, his health, financial security and the well-being of others." The petition further alleged that in July 1994 Card left the marital residence located in Monroe County and that he currently resides at his parents' home in East Syracuse, Onondaga County. Based upon the foregoing allegations that Card resided and was physically present in East Syracuse, respondent, New York State Supreme Court Justice Siragusa, relying upon Mental Hygiene Law § 81.05 (a), declined to sign the order to show cause on the ground that the venue was improper. Petitioner thereafter submitted a "Revised Petition" and a proposed order to show cause to respondent, who again declined to sign the order. Petitioner then made a motion requesting respon-

dent to recuse himself regarding the guardianship matter. She alleges in the present petition that respondent has not ruled on that motion.

Petitioner thereafter commenced this original CPLR article 78 proceeding in this Court seeking a judgment (1) directing respondent to recuse himself regarding the guardianship matter, (2) appointing a court evaluator and setting a hearing date in the guardianship matter immediately, (3) assigning a new Supreme Court Justice to the guardianship matter and directing that Justice to sign the order to show cause originally presented to respondent, and (4) directing that petitioner be appointed the temporary guardian of the person and property of Card.

The petition must be dismissed. The sole relief sought against respondent is a request that this Court direct respondent to recuse himself in the guardianship matter. At the outset, we observe that there is no pending guardianship proceeding *(see,* CPLR 304). Therefore, there is no underlying proceeding to which the recusal relief requested may properly be directed. Additionally, the relief sought against respondent is in the nature of mandamus to compel. It is well settled that "[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right" *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). It will not lie to " ' "compel an act in respect to which the officer may exercise judgment or discretion" ' " *(Matter of Crain Communications v Hughes,* 74 NY2d 626, 628, *rearg denied* 74 NY2d 843, quoting *Matter of Gimprich v Board of Educ.,* 306 NY 401, 406; *see also, Matter of Mullen v Axelrod,* 74 NY2d 580, 583).

Where, as here, there is no allegation that recusal is statutorily required *(see,* Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the Justice whose recusal is sought *(see, Manhattan School of Music v Solow,* 175 AD2d 106, 108-109, *lv dismissed and denied* 79 NY2d 820). Thus, petitioner has failed to demonstrate a clear legal right to the remedy of mandamus.

Furthermore, the additional relief sought in the petition is not directed against respondent or any person enumerated in CPLR 506 (b) (1) so as to permit this Court to invoke its original jurisdiction. Therefore, to the extent that relief is sought against persons other than those enumerated in CPLR 506 (b) (1), the petition must be dismissed for lack of subject matter jurisdiction *(see, Matter of Nolan v Lungen,* 61 NY2d

788, 790; *Matter of Williams v Shanley,* 138 AD2d 885, 886; *Matter of Herald Co. v Roy,* 107 AD2d 515, 518-519, *lv denied* 65 NY2d 610, *appeal dismissed* 65 NY2d 922; *see also,* CPLR 7804 [b]).

Lastly, we note that petitioner is not without a remedy. She may commence a guardianship proceeding in "the supreme court within the judicial district, or in the county court of the county in which the person alleged to be incapacitated resides, or is physically present" (Mental Hygiene Law § 81.05 [a]). (Original Proceeding Pursuant to CPLR art 78.) Present— Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.