FOURTH DEPARTMENT, AUGUST, 2001

(August 22, 2001)

■ In the Matter of CAROLANN RUMSEY, Individually and as Chairman of Chautauqua County Independence Party, Appellant, v TERRY NIEBEL, et al., Constituting the Chautauqua County Board of Elections, et al., Respondents, and RANDALL BROWN, Respondent. [730 NYS2d 591] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this special proceeding seeking to invalidate the certificate of election of officers of the Chautauqua County Independence Party filed by Randall Brown (respondent). Supreme Court properly granted that part of respondent's motion seeking dis-

missal of the proceeding as time-barred. Petitioner was required to file her verified petition and order to show cause in the county clerk's office within 10 days of the filing of the contested certificate of election (*see*, Election Law § 16-102 [2]; CPLR 304; *Matter of Essenberg v Reape*, 272 AD2d 544; *Matter of Zicari v Stewart*, 207 AD2d 951; *Matter of Ehle v Wallace*, 195 AD2d 1086, *lv denied* 82 NY2d 653), but failed to do so. Respondents filed the certificate of election on September 29, 2000, and thus the 10-day period began to run on September 30, 2000 (*see*, General Construction Law § 20). Because the 10-day period expired on October 9, 2000, which was Columbus Day, the last date on which petitioner could have timely filed her petition and order to show cause was October 10, 2000 (*see*, General Construction Law § 25-a [1]). Petitioner did not file her petition and order to show cause in the county clerk's office until October 20, 2000.

We further conclude that the court properly refused to recuse itself. Petitioner sought recusal at oral argument on the ground that Justice Gerace's son might, in a "year or so," be involved in an election for County Sheriff; petitioner asserted that at such time he might seek the endorsement of the Independence Party because he had been endorsed by that party during the last election held for the office of County Sheriff. "Where, as here, there is no allegation that recusal is statutorily required (*see*, Judiciary Law § 14), the matter of recusal is addressed to the discretion and personal conscience of the Justice whose recusal is sought" (*Matter of Card v Siragusa*, 214 AD2d 1022, 1023; *see*, *Shuman v Bower*, 278 AD2d 860). Petitioner's allegation of possible bias is too speculative to warrant the conclusion that the court abused its discretion in refusing to recuse itself here. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Election Law.) Present—Pigott, Jr., P. J., Green, Pine, Wisner and Lawton, JJ.