■ ROCHESTER COMMUNITY INDIVIDUAL PRACTICE ASSOCIATION, INC., Respondent, v EXCELLUS HEALTH PLAN, INC., Successor in Interest to FINGER LAKES HEALTH INSURANCE COMPANY, INC., Doing Business as FINGER LAKES BLUE CROSS, Appellant. (Appeal No. 1.) [758 NYS2d 251] —Appeal from a judgment of Supreme Court, Monroe County (Stander, J.), entered November 19, 2001, which, awarded plaintiff approximately $15.2 million in damages, including prejudgment interest, upon an order granting plaintiff's motion for partial summary judgment.

■ ROCHESTER COMMUNITY INDIVIDUAL PRACTICE ASSOCIATION, INC., Respondent, v EXCELLUS HEALTH PLAN, INC., Successor in Interest to FINGER LAKES HEALTH INSURANCE COMPANY, INC., Doing Business as FINGER LAKES BLUE CROSS, Appellant. (Appeal No. 2.) [758 NYS2d 576] —Appeal from an order of Supreme Court, Monroe County (Lunn, J.), entered August 15, 2002, which denied defendant's motion to vacate, inter alia, the judgment in appeal No. 1.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Defendant appeals from an order of Supreme Court (Lunn, J.), denying its motion to vacate, inter alia, a judgment of Supreme Court (Stander, J.) awarding plaintiff approximately $15.2 million in damages, including prejudgment interest, upon an order granting plaintiff's motion for partial summary judgment on the first cause of action for

breach of contract. We have affirmed that judgment upon defendant's appeal therefrom (*Rochester Community Individual Practice Assn. v Excellus Health Plan,* 305 AD2d 1007 [2003]), and we affirm the order herein as well.

In seeking to vacate the judgment, defendant contended that Justice Stander, who voluntarily recused himself from the case only days after granting plaintiff partial summary judgment, should have recused himself upon defendant's informal request before deciding plaintiff's motion. In particular, defendant contends that Justice Lunn erred in refusing to vacate the judgment based on the pervasive appearance of impropriety created by the employment of Justice Stander's brother by defendant's parent corporation and by Justice Stander's alleged bias against defendant and its chief financial officer.

Justice Lunn properly denied the motion to vacate the judgment. Defendant demonstrated no basis for mandatory disqualification or recusal (*see* Judiciary Law § 14; 22 NYCRR 100.3 [E] [1]), inasmuch as Justice Stander's brother is not an officer of a party. Absent such a mandatory basis for recusal, the judge himself, subject to his own conscience and discretion, was the sole arbiter of whether to recuse himself (*see Matter of Angie M.P.,* 291 AD2d 932, 932-933 [2002], *lv denied* 98 NY2d 602 [2002]; *Matter of Rumsey v Niebel,* 286 AD2d 564, 565 [2001]; *Matter of Petkovsek v Snyder* [appeal No. 6], 251 AD2d 1087 [1998], *lv dismissed in part and denied in part* 92 NY2d 942 [1998]; *Matter of Card v Siragusa,* 214 AD2d 1022, 1023 [1995]). Defendant's allegations of bias are "too speculative to warrant the conclusion that the court abused its discretion in refusing to recuse itself here" (*Rumsey,* 286 AD2d at 565).

With respect to defendant's further contention that the eventual recusal of Justice Stander created an appearance of impropriety and tainted everything that preceded the recusal, we note that a court's decision to withdraw from a case after previously declining to do so will not transform a "worthless recusal claim into one with merit" (*Bank of Tokyo Trust Co. v Urban Food Malls,* 229 AD2d 14, 34 [1996]). Moreover, it is well established that, absent a showing of actual bias or a statutory basis for recusal, proceedings conducted prior to a motion for recusal, or prior to a voluntary withdrawal from the case, remain valid (*see Hudson View II Assoc. v Miller,* 282 AD2d 345, 346 [2001], *lv dismissed* 96 NY2d 937 [2001]; *Bank of Tokyo Trust Co.,* 229 AD2d at 33-34; *Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County,* 228 AD2d 74, 76 [1997]; *People v Willsey,* 148 AD2d 764, 765-766 [1989], *lv denied* 74 NY2d 749 [1989]). "Judicial acts taken before the

motion may not later be set aside unless the litigant shows actual impropriety or actual prejudice; appearance of impropriety is not enough to poison the prior acts" (*United States v Murphy,* 768 F2d 1518, 1541 [1985], *cert denied* 475 US 1012 [1986]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.