■■■ In the Matter of MICHAEL C. GREEN, as Monroe County District Attorney, Petitioner, v ELMA A. BELLINI, as County Court Judge and Acting Justice of the Supreme Court of the State of New York, Respondent. [784 NYS2d 813]—

Proceeding pursuant to CPLR article 78 (initiated in the Ap-

pellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) seeking relief in the nature of prohibition.

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner, the Monroe County District Attorney, commenced this original CPLR article 78 proceeding seeking relief in the nature of prohibition against respondent, an Acting Supreme Court Justice who at the time of the action complained of was sitting as a local criminal court. Purportedly pursuant to CPL 180.70 (4), respondent dismissed a felony complaint against a criminal defendant named Daryl McNair on account of the People's failure to go forward at a preliminary hearing. By this proceeding, petitioner challenges that action as being without or in excess of respondent's jurisdiction.

Without reaching the merits of the dispute, we agree with respondent's contention that the petition must be dismissed for petitioner's failure to join McNair as a respondent in the proceeding, as both a necessary party to the proceeding and the real party in interest therein (*see Matter of Brown v Braun*, 240 AD2d 663, 664 [1997]; *see also Matter of Thomas v Justices of Supreme Ct. of State of N.Y., Queens County*, 304 AD2d 585, 586 [2003]; *Matter of Dyno v Rose*, 260 AD2d 694, 696-697 [1999], *appeal dismissed* 93 NY2d 998 [1999], *lv denied* 94 NY2d 753 [1999]; *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883-884 [1996]; *Matter of Arkim v Dillon*, 222 AD2d 1116 [1995]; *see generally* CPLR 3211 [a] [10]; 1001 [b]). CPLR 7802 (c) provides that, "[w]here the proceeding is brought to restrain a body or officer from proceeding without or in excess of jurisdiction in favor of another, the latter shall be joined as a party." McNair is an individual in whose favor respondent is alleged to have acted without or in excess of her jurisdiction. Moreover, CPLR 7804 (i) contemplates the naming of the criminal defendant as a respondent in the CPLR article 78 proceeding and the service of the article 78 pleadings and papers upon him under the circumstances at bar. In particular, the statute provides that, "in addition to service on the respondent [justice, judge, referee or judicial hearing officer], the petitioner shall serve a copy of the petition together with copies of all moving papers upon all other parties to the pending action or proceeding. All such parties shall be designated as respondents" (CPLR 7804 [i]). Although the criminal action against McNair technically was not pending at the time of the institution of this article 78 proceeding, the object of this proceeding is to reinstate that criminal action.

In determining that McNair is an indispensable party, we consider that he is a person "who might be inequitably affected by a judgment in the [proceeding]" (CPLR 1001 [a]; *see generally Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 819 [2003], *cert denied* 540 US 1017 [2003]). We further consider the factors enumerated in CPLR 1001 (b), particularly the prejudice that might accrue to McNair as a result of petitioner's failure to join him (*see* CPLR 1001 [b] [2]; *see generally Saratoga County Chamber of Commerce*, 100 NY2d at 819-820). We thus conclude that McNair is a person in whose absence the court should not proceed, and we dismiss the petition (*see* CPLR 3211 [a] [10]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.