■ In the Matter of ARTHUR P. CHURUTI, Petitioner, v ELIZABETH M. DEVANE, as Chairperson of the New York State Board of Examiners of Sex Offenders, et al., Respondents. [814 NYS2d 788]—

---

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, inter alia, prohibit respondents from holding a hearing to determine petitioner's risk level classification and sex offender designation pursuant to the Sex Offender Registration Act.

In November 1990, petitioner pleaded guilty in New Jersey to one count of endangering the welfare of a child in full satisfaction of a seven-count indictment charging him with sexually assaulting his stepdaughter over a three-year period beginning when she was 10 years old. He was sentenced to a period of five years of probation and, in 1995, he registered as a sex offender in New Jersey. In September 2002, petitioner moved from New Jersey to Delaware County. Shortly thereafter, he submitted a sex offender registration form to the Division of Criminal Justice Services, which—following an unexplained delay—informed the New York State Board of Examiners of Sex Offenders (hereinafter Board) of petitioner's relocation in May 2005. The Board notified petitioner at that time that he was required to register in New York as a sex offender because he had been convicted of a sex offense or sexually violent offense as set forth in Correction Law § 168-a. The notice advised petitioner that it constituted the final decision of the Board regarding registration and that, if aggrieved, petitioner could commence a proceeding for judicial review in accordance with CPLR article 78. In response, petitioner submitted information to the Board that he wished it to consider in determining his risk level assessment.

The Board thereafter recommended that petitioner be classified as a risk level III sex offender without any specific designa-

tion. Petitioner asserts that at the July 2005 hearing on the classification, respondent County Judge of Delaware County determined that County Court had jurisdiction over only the level of classification and not whether petitioner is required to register in New York in the first instance. The court adjourned the hearing and petitioner commenced a CPLR article 78 proceeding in Supreme Court, seeking to enjoin the County Judge from continuing with the hearing on his sex offender risk level classification and to enjoin the Board from implementing its prior registration determination. Upon respondents' motion to dismiss for lack of subject matter jurisdiction, Supreme Court dismissed the proceeding by consent order, reserving petitioner's right to recommence the proceeding in this Court pursuant to CPLR 205 (a). This proceeding ensued.

Despite the requirement that he register for life as a sex offender in New Jersey and notwithstanding the fact that his risk level classification has not been determined in New York, petitioner asserts that he is not required to register pursuant to Correction Law § 168-h because 10 years have elapsed since he first registered in New Jersey.* Petitioner requests that the Board be enjoined from any further proceedings with respect to his registration or classification, and that we vacate and set aside the Board's determination that he was required to register and its recommendation that he be classified as a risk level III sex offender. He further seeks a writ of prohibition enjoining the County Judge from holding a classification hearing and enjoining respondent Delaware County District Attorney from further proceedings with respect to his classification.

The extraordinary remedy of prohibition is available only to prevent a judicial or quasi-judicial body or officer, including a prosecutor, from proceeding or threatening to proceed without or in excess of jurisdiction (*see Matter of Haggerty v Himelein,* 89 NY2d 431, 435 [1997]; *Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Here, County Court was statutorily required to convene a risk level assessment hearing after receiving the Board's recommendation (*see* Correction Law § 168-k [2]; *see also People v Peters,* 27 AD3d 784, 784 [2006]). The District Attorney is the designated official charged with presenting the recommended determination at the hearing and bears the

---

* Correction Law former § 168-h (1) provided that risk level I and II offenders were subject to a limited registration requirement of 10 years. The statute has since been amended to provide that only those who have no designation and are classified as a level I risk, or those who have not received any classification, are subject to a limited registration period of 20 years from the initial date of registration (*see* Correction Law § 168-h [1]).

burden of establishing the basis for an assessment by clear and convincing evidence (*see* Correction Law § 168-k [2]). Thus, it cannot be said that either the County Judge or the District Attorney acted or threatened to act in excess of his authorized powers and, accordingly, prohibition does not lie against those respondents.

More fundamentally, a review of the parties' submissions reveals that petitioner's primary challenge is to the Board's determination that he was required to register as a sex offender in the first instance. Inasmuch as the primary relief requested— annulment of the Board's determination—is not sought against any person enumerated in CPLR 506 (b) (1), this Court may not invoke its original jurisdiction to review petitioner's challenge and the proceeding must be dismissed for lack of subject matter jurisdiction (*see Matter of Card v Siragusa*, 214 AD2d 1022, 1023 [1995]; *Matter of Williams v Shanley*, 138 AD2d 885, 886 [1988]; *see also Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *cf. Matter of Moss v Spitzer*, 19 AD3d 599, 600 [2005], *lv denied* 5 NY3d 714 [2005]; *Matter of Haggerty v Himelein*, 221 AD2d 138, 143-144 [1996], *revd on other grounds* 89 NY2d 431 [1997]). A CPLR article 78 proceeding in the nature of mandamus to review and commenced in Supreme Court, rather than a "subsequent . . . proceeding involving the separate and distinct risk level determination," is the appropriate vehicle to obtain review of a Board determination that an individual is required to register as a sex offender (*People v Carabello*, 309 AD2d 1227, 1228 [2003]; *see People v Williams*, 24 AD3d 894, 895 [2005], *lv denied* 6 NY3d 710 [2006]).

Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.