In the Matter of VLADIMIR KIRKOROV, Petitioner, v JUSTICES OF SUPREME COURT OF QUEENS COUNTY et al., Respondents. [818 NYS2d 920]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit Robert C. McGann, a Justice of the Supreme Court, Queens County, from proceeding with the trial in a criminal action entitled *People v Kirkorov*, pending in the Supreme Court, Kings County, under indictment No. 2674/03. Motion by the petitioner to stay all proceedings in the Supreme Court, Queens County, under indictment Nos. 2674/03 and 808/05 pending the hearing and determination of this proceeding.

Motion by the respondent Country-Wide Insurance Company to dismiss the proceeding insofar as asserted against it on the ground that this Court is without jurisdiction.

Ordered that the motion to stay all proceedings under Kings County indictment Nos. 2674/03 and 808/05 pending hearing and determination of this proceeding is denied; and it is further,

Ordered that the motion by Country-Wide Insurance Company to dismiss the proceeding insofar as asserted against it is granted (*see* CPLR 506 [b]), and the proceeding insofar as asserted against Country-Wide Insurance Company is dismissed, without costs or disbursements; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed insofar as asserted against the remaining respondents, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d

564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Prudenti, P.J., Florio, Miller and Schmidt, JJ., concur.