■ KATHLEEN DOODY, Respondent, v KENNETH L. GOTTSHALL et al., Appellants. (Appeal No. 1.) [891 NYS2d 216]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered December 11, 2007 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on the issues of negligence, proximate cause and contributory negligence and denied the cross motion of defendants for summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking partial summary judgment on the issues of proximate cause and contributory negligence and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained when she was struck by a vehicle operated by Diane A. Gottshall (defendant) and owned by both defendants. It is undisputed that defendant was turning right at a red light and that plaintiff was crossing the street at the intersection with the traffic light and pedestrian signal in her favor. We conclude with respect to the order in appeal No. 1 that Supreme Court properly granted the motion of plaintiff insofar as she sought partial summary judgment on the issue of defendant's negligence. Plaintiff established as a matter of law that defendant was negligent in failing to yield the right of way to her, and defendants failed to raise a triable issue of fact (see Voskin v Lemel, 52 AD3d 503 [2008]). The court erred, however, in granting plaintiff's motion insofar as it sought partial summary judgment on the issues of the proximate cause of the accident and plaintiff's lack of contributory negligence. Plaintiff's own submissions in support of the motion raise triable issues of fact "whether [plaintiff] exercised reasonable care to protect herself from danger while crossing the intersection" and whether any negligence on her part contributed to the accident (Thoma v Ronai, 189 AD2d 635, 637 [1993], affd 82 NY2d 736 [1993]). We therefore modify the order in appeal No. 1 accordingly.

We conclude with respect to the order in appeal No. 2, issued following the trial on damages, that the court properly set aside the verdict and ordered a new trial "on its own initiative . . . in the interest of justice" based upon the misconduct of defendants' attorney (CPLR 4404 [a]). During the course of the trial, defendants' attorney failed to abide by the court's rulings, made

inflammatory remarks concerning plaintiff's counsel and expert witnesses, repeatedly expressed his personal opinions regarding the cause and severity of plaintiff's injuries and made arguments to the jury on summation that were not supported by the evidence. We therefore agree with the court that the misconduct of defendants' attorney deprived plaintiff of a fair trial (*see Stewart v Olean Med. Group, P.C.*, 17 AD3d 1094, 1096-1097 [2005]; *Kennedy v Children's Hosp. of Buffalo* [appeal No. 3], 288 AD2d 918 [2001]). Based on our conclusion that plaintiff is entitled to a new trial on damages, there is no need to address the merits of plaintiff's post-trial motion concerning the amount of the jury's verdict on damages inasmuch as that motion is moot.

We further conclude, however, that the court erred in disqualifying defendants' attorney and his firm from representing defendants at the retrial. A party is entitled to be represented by counsel of his or her own choosing, and defendants, at a minimum, should have been afforded a reasonable opportunity to be heard on the issue of disqualification (*see generally S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]). In addition, defendants were entitled to a reasonable opportunity to be heard before the court imposed upon them "the costs incurred in the trial for the live medical experts consisting of transportation, and time charged, which will need to be duplicated in the second damages trial" (*see* 22 NYCRR 1000.16 [a]; *Deeb v Tougher Indus.*, 216 AD2d 667, 668 [1995]; *Benatovich v Koessler*, 209 AD2d 984 [1994]). We therefore modify the order in appeal No. 2 accordingly. Present— Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.