# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

648

CA 11-00300

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

KATHLEEN DOODY, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH L. GOTTSHALL AND DIANE A. GOTTSHALL,
DEFENDANTS-APPELLANTS.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), AND
HAGELIN KENT LLC, FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered April 23, 2010 in a personal injury action. The order imposed sanctions on defendants.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part disqualifying Hagelin Kent, LLC from representing defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she sustained when she was struck by a vehicle operated by defendant Diane A. Gottshall and owned by both defendants. Following a jury trial on damages, Supreme Court set aside the verdict and ordered a new trial "on its own initiative . . . in the interest of justice" based upon the misconduct of defendants' attorney (CPLR 4404 [a]). In addition, the court disqualified defendants' attorney and his firm from representing defendants at the retrial and imposed upon defendants "the costs incurred in the trial for the live medical experts consisting of transportation, and time charged, which will need to be duplicated in the second damages trial." On a prior appeal, we modified the order by, inter alia, vacating those parts disqualifying defendants' attorney and his law firm and imposing costs upon defendants on the ground that defendants should have been afforded a reasonable opportunity to be heard on the issues of disqualification and costs (*Doody v Gottshall*, 67 AD3d 1347, 1349). Following a hearing on those issues, the court, inter alia, disqualified defendants' attorney and his law firm from representing defendants at the retrial and directed defendants to reimburse plaintiff for the costs incurred for her medical experts at the retrial.

We reject defendants' contention that the court lacked authority to conduct the hearing absent an explicit remittal for that purpose on the prior appeal. Our prior decision contemplated that the court would not disqualify defendants' attorney and his law firm or impose costs upon defendants without affording them a reasonable opportunity to be heard (*id*.). Contrary to defendants' further contention, the court did not lack authority to conduct the hearing based upon its sua sponte recusal from the retrial. The court's recusal was limited to the retrial and, in any event, it was not required to recuse itself pursuant to Judiciary Law § 14. Thus, recusal was a matter for the court's discretion and the court properly exercised that discretion in denying defendants' request that the court recuse itself from the hearing (*see Matter of Rumsey v Niebel*, 286 AD2d 564; *Matter of Card v Siragusa*, 214 AD2d 1022, 1023). The court also properly exercised its discretion in determining that disqualification of defendants' attorney is warranted based upon the attorney's persistent and pervasive misconduct during the trial and his failure to recognize or take responsibility for such misconduct (*see generally Matter of Brian R.*, 48 AD3d 575; *Matter of Moxham v Hannigan*, 89 AD2d 300, 302). Under the circumstances of this case, we conclude that "to impose a sanction short of disqualification would be to treat the conduct at issue with a degree of lenity practically inviting its recurrence" (*Matter of Weinberg*, 129 AD2d 126, 144, *appeal dismissed* 71 NY2d 994). We reach a different conclusion, however, with regard to the attorney's law firm. "We discern nothing in the record before us which justified the sua sponte disqualification of the [defendants'] law firm from representing [them] in this action," and we therefore modify the order accordingly (*Bentz v Bentz*, 37 AD3d 386, 387; *cf*. *Weinberg*, 129 AD2d at 142-144). With respect to the imposition of costs, we perceive no "clear abuse of discretion" and thus defer to the court's determination (*Grozea v Lagoutova*, 67 AD3d 611). Finally, defendants do not challenge that part of the order striking their answer with respect to liability and the affirmative defense of comparative negligence, and we therefore deem any challenge with respect thereto abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

Entered: June 10, 2011                              Patricia L. Morgan
                                                    Clerk of the Court