■ In the Matter of DONALD L. BRADY et al., Petitioners, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [931 NYS2d 923]—

Rose, J.

Petitioners filed a prevailing wage complaint with respondent Department of Labor (hereinafter the Department) alleging that they were not paid prevailing wages for construction work they performed at a privately-owned facility leased by the Department of Correctional Services. After reviewing the complaint and considering additional information submitted by petitioners, the Department issued an opinion letter in which it concluded that the project was not a public work and, thus, Labor Law article 8 was not applicable. Seeking to review and annul that determination, and citing Labor Law § 220 (8) as their authority, petitioners commenced this CPLR article 78 proceeding in this Court. We must agree with respondents, however, that the opinion letter is not an order or determination subject to review by a CPLR article 78 proceeding commenced directly in this Court. The appropriate vehicle for review of the Department's determination is a CPLR article 78 proceeding initiated in Supreme Court (compare Matter of Churuti v Devane, 29 AD3d 1139, 1142 [2006], appeal dismissed and lv denied 7 NY3d 807 [2006]).

Pursuant to Labor Law § 220 (7), respondent Commissioner of Labor is authorized to commence a compliance investigation to determine whether prevailing wages are being paid where public work is being performed. Pursuant to Labor Law § 220 (8), a hearing is required prior to the issuance of an order resolving a compliance investigation, and review of such an order may

be sought by the filing of a CPLR article 78 proceeding directly in this Court. However, a threshold determination that a project is not a public work—such as occurred here—results in there being no compliance investigation, no hearing, and no order. Instead, the procedures set out in Labor Law § 220 (7) and (8) were never commenced because the Department determined, as a preliminary matter, that the project at issue was not a public work (*see e.g. Matter of 60 Mkt. St. Assoc. v Hartnett*, 153 AD2d 205, 207 [1990], *affd* 76 NY2d 993 [1990]). As there has been no determination pursuant to Labor Law § 220 (8), this Court lacks subject matter jurisdiction and the proceeding must be dismissed.

Spain, J.P., Lahtinen and Garry, JJ., concur. Adjudged that the petition is dismissed, without costs.