◼ In the Matter of ANTHONY CANESTRO, Petitioner, v DICCIA PINEDA-KIRWAN, a Justice of the Supreme Court, Queens County, et al., Respondents. [17 NYS3d 899]—Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Diccia Pineda-Kirwan, a Justice of the Supreme Court, Queens County, to determine a pending motion and cross motion in an underlying action entitled *Pietrafesa v Canestro*, pending in the Supreme Court, Queens County, under index No. 6281/12.

Adjudged that the petition and proceeding are dismissed insofar as asserted against the respondent Gene Pietrafesa, as executor of the estate of Marie Pietrafesa, without costs or disbursements; and it is further

Adjudged that the petition is denied and the proceeding is dismissed on the merits insofar as asserted against the respondent Diccia Pineda-Kirwan, without costs or disbursements.

The petition and proceeding must be dismissed insofar as asserted against Pietrafesa, as he is neither a Judge of a County Court nor a Justice of the Supreme Court and, hence, this Court lacks subject matter jurisdiction over the proceeding insofar as asserted against him (*see* CPLR 7804 [b]; 506 [b] [1]; *Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *Matter of Lawtone-Bowles v Klein*, 131 AD3d 697, 698 [2015]).

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). With respect to the remaining respondent, the petitioner has failed to demonstrate a clear legal right to the relief sought. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.