■ In the Matter of Timothy Wheeler, Petitioner, v Barbara Kahn et al., Respondents. [60 NYS3d 440]—Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Barbara Kahn, an Acting Justice of the Supreme Court, Suffolk County, to sentence the petitioner in accordance with his plea agreement of October 19, 2016, in a matter entitled *People v Wheeler*, pending in that court under indictment No. 1887B-2015, or in the nature of prohibition to prohibit the vacatur of the petitioner's plea of guilty.

Adjudged that the petition and proceeding are dismissed for lack of subject matter jurisdiction insofar as asserted against the respondent Suffolk County District Attorney's Office; and it is further,

Adjudged that the petition is otherwise denied and the

proceeding is otherwise dismissed on the merits, without costs or disbursements.

The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Barbara Kahn, an Acting Justice of the Supreme Court, to abide by terms of the petitioner's plea agreement entered into on October 19, 2016. Alternatively, the petitioner seeks to prohibit the respondent Barbara Kahn from vacating his plea of guilty. The petitioner named as a respondent not only Acting Justice Kahn, but also the Suffolk County District Attorney's Office.

The petition and the proceeding must be dismissed against the Suffolk County District Attorney's Office, since it is neither a Judge of a County Court nor a Justice of the Supreme Court and, therefore, this Court lacks subject matter jurisdiction over the proceeding insofar as asserted against it (see CPLR 7804 [b]; 506 [b] [1]; *Matter of Nolan v Lungen*, 61 NY2d 788, 789-790 [1984]; *Matter of Canestro v Pineda-Kirwan*, 132 AD3d 863, 863 [2015]; *Matter of Liang v Hart*, 132 AD3d 765, 765 [2015]; *Matter of Lawtone-Bowles v Klein*, 131 AD3d 697, 698 [2015]).

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; see *Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]; *Matter of Smith v Knipel*, 151 AD3d 1067 [2017]; *Matter of Cilibrasi v Chun*, 151 AD3d 722 [2017]; *Matter of Kirkorov v Justices of Supreme Ct. of Queens County*, 32 AD3d 430 [2006]). "Similarly, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought" (*Matter of Kirkorov v Justices of Supreme Ct. of Queens County*, 32 AD3d at 431; see *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]).

The petitioner here has failed to demonstrate a clear legal right to the relief sought. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.