Matter of Richmond v Cohen (2019 NY Slip Op 00604)





Matter of Richmond v Cohen


2019 NY Slip Op 00604


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-13051

[*1]In the Matter of Eric Richmond, petitioner,
v
Devin Cohen, et al., respondents. Eric Richmond, Brooklyn, NY, petitioner pro se.


Letitia James, Attorney General, New York, NY (Charles F. Sanders of counsel), for respondent Devin Cohen.
Herrick, Feinstein LLP, New York, NY (Avery S. Mehlman pro se of counsel) for respondents Avery S. Mehlman and Rebecca Newman.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Devin Cohen, a Justice of the Supreme Court, Kings County, to dismiss an underlying action entitled 4th Avenue Development II, LLC v Richmond, pending in that court under Index No. 514769/17, and in the nature of prohibition to prohibit Justice Cohen and the parties in that action from taking any further action.
ADJUDGED that the proceeding is dismissed insofar as asserted against the respondents Avery S. Mehlman and Rebecca Newman; and it is further,
ADJUDGED that the petition is denied and the proceeding is dismissed on the merits insofar as asserted against Devin Cohen, without costs or disbursements.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Devin Cohen, a Justice of the Supreme Court, Kings County, to dismiss an underlying action entitled 4th Avenue Development II, LLC v Richmond, pending in that court under Index No. 514769/17, and to prohibit Justice Cohen and the parties in that action from taking any further action. The petitioner also named as respondents Avery S. Mehlman and Rebecca Newman, attorneys with the law firm Herrick, Feinstein LLP, which represents the plaintiff in the underlying action.
The petition and the proceeding must be dismissed against Avery S. Mehlman and Rebecca Newman, since they are neither Judges of a County Court nor Justices of the Supreme Court and, therefore, this Court lacks subject matter jurisdiction over the proceeding insofar as asserted against them (see CPLR 7804[b]; 506[b][1]; Matter of Nolan v Lungen, 61 NY2d 788, 789-790; Matter of Wheeler v Kahn, 153 AD3d 926, 927; Matter of Canestro v Pineda-Kirwan, 132 AD3d 863, 863).
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Legal [*2]Aid Soc'y of Sullivan County, Inc. v Scheinman, 53 NY2d 12, 16). "Because of its extraordinary nature, prohibition is available only where there exists a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; see Matter of Rush v Mordue, 68 NY2d 348, 352). 
The petitioner failed to demonstrate a clear legal right to the relief sought.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court