Matter of Guendjian v Reardon (2019 NY Slip Op 01688)





Matter of Guendjian v Reardon


2019 NY Slip Op 01688


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

525542

[*1]In the Matter of ROBERTO C. GUENDJIAN, Also Known as ROBERTO GUENGUIN, et al., Petitioners,
v
ROBERTA REARDON, as Commissioner of Labor, Respondent.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Moreira & Associates, PLLC, Rahway, New Jersey (Jorge W. Moreira of counsel), for petitioners.
Letitia James, Attorney General, New York City (Donyea Fernandez of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law § 102) to review a determination of the Industrial Board of Appeals finding, among other things, that petitioners violated Labor Law article 19 by underpaying wages to certain employees.
Petitioner Roberto C. Guendjian is the owner of petitioner Grilled Steak Corp., which operated the restaurant Chivito D'oro. The Department of Labor (hereinafter the DOL) received minimum wage/overtime complaints from Luis Calle and Alberto Wauters, two of petitioners' employees, alleging that petitioners did not pay for overtime hours worked and did not provide proper lunch breaks. The DOL commenced an investigation, during which Vianey Aguirre, another one of petitioners' employees, made the same allegations.
In May 2014, the DOL sent petitioners a letter requesting all of the records pertaining to the hours worked and wages paid to Calle, Wauters and Aguirre for the period of July 2007 through January 2013. Petitioners failed to provide the requested records and the DOL thereafter issued a calculation of amount due, along with a notice of Labor Law violation, finding that petitioners violated Labor Law articles 5 and 19 by failing to provide each employee a statement with every payment of wages, failing to allow each employee prescribed meal periods and failing to keep and have available for inspection a true and accurate record for each employee. In August 2014, petitioners requested a compliance conference, which was held in January 2015. At the conference, petitioners provided a payroll journal for 2011, and the conference was thereafter adjourned until January 31, 2015, pending petitioners' production of the time records and an actual record of wages paid prior to 2011. Petitioners failed to produce any additional records by January 31, 2015, and respondent ultimately issued an order to comply — which [*2]consisted of a schedule of minimum wage underpayments and an order of civil penalties — finding that petitioners had violated Labor Law article 19 by paying Calle, Wauters and Aguirre "a wage rate below the minimum prescribed in [12 NYCRR part 137]." The order for civil penalties directed petitioners to pay civil penalties for failure to keep and furnish true and accurate payroll records for each employee, provide each employee a statement with every payment of wages and provide each employee at least 30 minutes for lunch breaks.
Petitioners thereafter filed a petition with the Industrial Board of Appeals (hereinafter IBA) pursuant to Labor Law § 101, requesting that the IBA set aside respondent's order. Following a two-day hearing before an Administrative Law Judge, the IBA partially modified the amount that petitioners owed pursuant to the order to comply, but otherwise affirmed the civil penalty. Petitioners then commenced this CPLR article 78 proceeding in this Court pursuant to Labor Law § 102, seeking to annul the IBA's determination.
Respondent contends that the instant proceeding must be dismissed because this Court lacks original subject matter jurisdiction to entertain the verified petition. We agree. Review of the IBA's order directing compliance pursuant to Labor Law §§ 218 and 219 is governed by Labor Law §§ 101 and 102 (see Labor Law §§ 218 [2]; 219 [2]). Labor Law § 101 allows "any person in interest [to] petition the [IBA] for a review of the validity or reasonableness of any . . . order made by [respondent] under the provisions of this chapter." Labor Law § 102 further provides that "[t]he decision of the [IBA] in a proceeding under [Labor Law § 101] shall be final except that such decision shall be subject to appeal by an aggrieved party in a proceeding under [CPLR article 78] for judicial review." In turn, CPLR 7804 (b) provides that a CPLR article 78 proceeding "shall be brought in the supreme court in the county specified in [CPLR 506 (b)] except as that subdivision otherwise provides." Petitioners filed the subject verified petition in this Court seeking review of the IBA's decision pursuant to Labor Law § 102 and CPLR article 78 [FN1]. Thus, pursuant to the relevant statutes, it is clear that this Court does not have original jurisdiction to entertain this proceeding and that it must be commenced in Supreme Court (see Labor Law §§ 101, 102; CPLR 7804 [b]; CPLR 506 [b] [1]; see also Matter of Nolan v Lungen, 61 NY2d 788, 790 [1984]; Matter of Churuti v Devane, 29 AD3d 1139, 1142 [2006], appeal dismissed and lv denied 7 NY3d 807 [2006]; Matter of Reitman v Sobol, 225 AD2d 823, 824 [1996])[FN2]. Accordingly, petitioners' verified petition must be dismissed.
Lynch, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.



Footnotes

Footnote 1: The cover letter to the IBA's resolution of decision also indicates that Labor Law § 102 governs appeals from the subject determination.

Footnote 2: To the extent that petitioners assert that this Court has jurisdiction to hear a direct appeal of the IBA decision pursuant to Labor Law § 657 (2), "the IBA is the court of original instance where the notice of appeal must be filed" (Matter of Community Hous. Improvement Program v Commissioner of Labor, 166 AD3d 1135, 1137 [2018]; compare Matter of New York State Rest. Assn., Inc. v Commissioner of Labor, 45 AD3d 1133, 1134 [2007], lv denied 10 NY3d 703 [2008]), and there is nothing in the record before us indicating that petitioners ever filed a direct appeal from that decision, instead, challenging same by way of the instant CPLR article 78 proceeding.