Matter of Accadia Site Contr., Inc. v Erie County Med. Ctr. Corp. (2019 NY Slip Op 05730)





Matter of Accadia Site Contr., Inc. v Erie County Med. Ctr. Corp.


2019 NY Slip Op 05730


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

526461

[*1]In the Matter of ACCADIA SITE CONTRACTING, INC., Petitioner,
v
ERIE COUNTY MEDICAL CENTER CORPORATION, Respondent.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Barclay Damon LLP, Buffalo (Elizabeth A. Holmes of counsel), for petitioner.
Hodgson Russ LLP, Buffalo (Jason E. Markel of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Mulvey, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Executive Law § 313 [5] [c]) to review a determination of respondent dismissing petitioner's request for a hearing.
Respondent — a public benefit corporation (see Public Authorities Law § 3626) — released an invitation for bids and notice to bidders for a parking lot expansion project. Respondent directed bidders to submit utilization plans that would meet certain utilization requirements for business enterprises owned by women, minorities and service-disabled veterans (see Executive Law § 313). After reviewing a bid submitted by petitioner, respondent issued petitioner a notice of deficiency advising that the bid did not satisfy the utilization requirements. Petitioner's response still did not meet the utilization requirements.
Thereafter, respondent awarded the project to another bidder and mailed petitioner a notice of bid disqualification, stating that its bid was nonresponsive due to the failure to meet the utilization requirements. Following further developments, petitioner filed a complaint with respondent requesting an administrative hearing pursuant to Executive Law § 313 (5) (c). After requesting further information from petitioner, respondent dismissed the hearing request. Petitioner commenced this CPLR article 78 proceeding, in this Court, seeking to annul that determination, to compel respondent to conduct a hearing pursuant to Executive Law § 313 (5) (c) and for damages.
Because this Court lacks original jurisdiction to entertain the petition, we dismiss it. As a general rule, CPLR article 78 proceedings must be initiated in Supreme Court (see CPLR 7804 [b]; 506 [b]; Matter of Nolan v Lungen, 61 NY2d 788, 790 [1984]); however, some proceedings may be initiated in this Court pursuant to specific statutory authority (see Matter of Reitman v Sobol, 225 AD2d 823, 823 [1996]; see e.g. CPLR 506 [b] [1]; Education Law § 6510 [5]; Labor [*2]Law § 657 [2]; Tax Law § 2016; Workers' Compensation Law § 23). "The question whether a proceeding must be commenced in Supreme Court or the Appellate Division (as opposed to which county or department) clearly concerns subject matter jurisdiction" (Matter of Nolan v Lungen, 61 NY2d at 790).
To commence this proceeding here, petitioner relied on Executive Law § 313 (5) (c), which states that, "[w]ithout limiting other grounds for the disqualification of bids . . . on the basis of non-responsibility, a contracting agency may disqualify the bid . . . as being non-responsible for failure to remedy notified deficiencies contained in the contractor's utilization plan within a period of time specified in regulations promulgated by the director after receiving notification of such deficiencies from the contracting agency." The statute further provides that "[w]here the contracting agency states that a failure to remedy any notified deficiency in the utilization plan is a ground for disqualification[,] the contractor shall be entitled to an administrative hearing, on a record[.] . . . A final administrative determination made following such hearing shall be reviewable in a proceeding commenced under [CPLR] article [78] . . . [and] shall be commenced in [this Court]" (Executive Law § 313 [5] [c]). The last quoted portion of the statute grants this Court original jurisdiction in a proceeding to challenge a final administrative determination that was made following a specified type of hearing, which is otherwise provided for in that paragraph. Respondent's determination at issue here was not made following a hearing; indeed, the determination dismissed petitioner's request for a hearing and petitioner is now seeking, as relief in this proceeding, a court order compelling respondent to conduct such a hearing. As no statute grants this Court original jurisdiction to review the determination that petitioner is challenging, we must dismiss the petition for lack of subject matter jurisdiction (see Matter of Guendjian v Reardon, 170 AD3d 1288, 1289-1290 [2019]; Matter of Churuti v Devane, 29 AD3d 1139, 1142 [2006], appeal dismissed and lv denied 7 NY3d 807 [2006]; Matter of Reitman v Sobol, 225 AD2d at 824).
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.