Matter of Kirik v Martin (2024 NY Slip Op 06466)

Matter of Kirik v Martin

2024 NY Slip Op 06466

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

822 OP 23-01765

[*1]IN THE MATTER OF TONY KIRIK, PETITIONER,
v
DEBRA A. MARTIN, ACTING JUSTICE OF NEW YORK STATE SUPREME COURT, THOMAS C. WILMOT, SR., THOMAS C. WILMOT, JR., LORETTA WILMOT CONROY, COUNTY OF MONROE, JANE A. HUNTER AND MARY H. PHILLIPS, RESPONDENTS. 

TRUST LAW, PLLC, MCLEAN, VIRGINIA, ROSENHOUSE LAW OFFICE, ROCHESTER (GLENN M. FJERMEDAL OF COUNSEL), FOR PETITIONER. 
HARRIS BEACH PLLC, PITTSFORD (H. TODD BULLARD OF COUNSEL), FOR RESPONDENTS THOMAS C. WILMOT, SR., THOMAS C. WILMOT, JR., AND LORETTA WILMOT CONROY. 
BOND, SCHOENECK & KING, PLLC, ROCHESTER (CURTIS A. JOHNSON OF COUNSEL), FOR RESPONDENTS JANE A. HUNTER AND MARY H. PHILLIPS. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (ADAM M. CLARK OF COUNSEL), FOR RESPONDENT COUNTY OF MONROE. 

 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to vacate and set aside an order and a judgment of the Supreme Court, Monroe County (Debra A. Martin, A.J.). 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this original CPLR article 78 proceeding alleging, inter alia, that Debra A. Martin, Acting Justice of New York State Supreme Court (respondent), acted in excess of her authority and jurisdiction when she issued a decision and order (2023 order) in a declaratory judgment action brought by respondents Thomas C. Wilmot, Sr., Thomas C. Wilmot, Jr. and Loretta Wilmot Conroy (collectively, Wilmots) in which respondent, among other things, denied petitioner's cross-motion seeking substantive changes to the judgment (2021 judgment) that respondent previously issued in that action.
The 2021 judgment resulted from a 2019 foreclosure sale involving 145 acres of property owned by respondents Jane A. Hunter and Mary H. Phillips (née Hunter) (collectively, Hunter sisters). At one time, the Hunter sisters had owned a larger parcel of property. They sold 62 acres of that property to the Wilmots and granted them a right of first refusal (ROFR) on the remaining 145 acres. In 2019, respondent County of Monroe (County) commenced a tax foreclosure action regarding, inter alia, the 145-acre parcel, but did not provide the Wilmots with notice of the tax foreclosure action or subsequent public auction. Ultimately, that property was sold at the public auction to petitioner, and a judgment of foreclosure (2019 judgment) was issued by Supreme Court (Ark, J.). When the Wilmots learned of the purchase, they commenced the declaratory judgment action against petitioner and eventually added the County as a defendant in that action based on a challenge they made to the County's In Rem Tax Foreclosure Act (Code of Monroe County ch 635).
Thereafter, respondent issued the 2021 judgment, declaring that the Wilmots' ROFR did [*2]not run with the land and was not an option triggered by the foreclosure sale. Respondent also denied the County's motion seeking to dismiss the action against it "as moot." Respondent further declared that the Wilmots were denied due process during the foreclosure action. Respondent thus invoked her broad equitable powers, set aside the 2019 judgment and vacated the resulting referee's deed conveying the property to petitioner. As a result of her determination, respondent directed that a "new foreclosure sale . . . be held in compliance with all notice protocols." We affirmed the 2021 judgment on appeal (Wilmot v Kirik, 210 AD3d 1432 [4th Dept 2022], appeal dismissed 39 NY3d 1069 [2023], reconsideration dismissed & lv denied 39 NY3d 1181 [2023]).
Following our affirmance, the Wilmots moved to modify, resettle or clarify the 2021 judgment and to add the Hunter sisters, who had resumed ownership of the property as a result of the 2021 judgment, as necessary parties. Petitioner opposed the Wilmots' motion and cross-moved for, inter alia, vacatur of the 2021 judgment. Respondent, in her 2023 order, denied all of the relief requested by the parties, but wrote at length about what had been intended in the 2021 judgment, stating that "[t]he net effect of [respondent's 2021 judgment was] that ownership of the property automatically reverted to the owners," and that respondent's directive in that judgment "to the County to hold a new foreclosure sale 'with all notice protocols' . . . could only be interpreted to mean starting from the beginning of the foreclosure process dictated by the controlling statute." Respondent further stated that, "[i]nherent in [her 2021] judgment was the likelihood that the outstanding taxes owed would either be paid by the owners or the Wilmots, and their redemption of the property would eliminate the need for a tax foreclosure sale."
Shortly after the 2023 order was issued, that is exactly what happened. The Hunter sisters sold the property in a private sale to the Wilmots, for much more than petitioner had paid at the auction, and the Wilmots redeemed the property, avoiding any potential tax foreclosure sale.
In this original proceeding, petitioner contends, inter alia, that respondent exceeded her jurisdiction and authority by invalidating the 2019 judgment; by allowing the property to revert to the Hunter sisters; by allowing the Hunter sisters, as nonparties, to participate in the legal proceedings that preceded the 2023 order; and by substantively modifying her own 2021 judgment.
Petitioner also challenges the actions of the County and the Hunter sisters, claiming that they engaged in a "sham tax foreclosure 'redemption.' "
Although we agree with petitioner that this matter is properly before this Court (see CPLR 506 [b] [1]; 7803 [2]; see generally Matter of Smith v Tormey, 19 NY3d 533, 541 [2012]) and properly includes the Wilmots, the County, and the Hunter sisters as respondents (see Matter of Green v Bellini, 12 AD3d 1148, 1149-1150 [4th Dept 2004]; cf. Matter of Richmond v Cohen, 168 AD3d 1064, 1064-1065 [2d Dept 2019]; Matter of Wheeler v Kahn, 153 AD3d 926, 927 [2d Dept 2017]; see generally Matter of Schumer v Holtzman, 60 NY2d 46, 51 [1983]), we nevertheless conclude that the petition should be dismissed.
To the extent that petitioner raises challenges to respondent's 2021 judgment, e.g., by contending that respondent acted in excess of her authority by invalidating the 2019 judgment, those contentions are time-barred and not properly before this Court (see CPLR 217 [1]). We therefore do not address those contentions.
Contrary to petitioner's further contention, the 2023 order did not substantially modify the 2021 judgment. The 2021 judgment invalidated the 2019 judgment and vacated the referee's deed to petitioner, directing a new foreclosure sale "with all notice protocols" (emphasis added). By necessary implication, the 2021 judgment required title to revert to the original owners, i.e., the Hunter sisters. We conclude that respondent, by specifically recognizing that fact in the 2023 order, did not act in excess of her authority or jurisdiction. Furthermore, the subsequent acts of the titled owners of the property and the Wilmots did not constitute a "sham" foreclosure redemption but were, in fact, lawful acts permitted by the 2021 judgment.
We have reviewed petitioner's remaining contentions and conclude that they lack merit.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court