■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRONSON FRANK, Appellant. [829 NYS2d 317]—

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), dated October 13, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to the contention of defendant, County Court properly determined that he is subject to the requirements of SORA (*see People v Jordan*, 31 AD3d 1196 [2006], *lv denied* 7 NY3d 714 [2006]; *People v Curley*, 285 AD2d 274, 276 [2001], *lv denied* 97 NY2d 607 [2001]). Further, the court's determination with respect to defendant's risk level is supported by the requisite clear and convincing evidence, including "reliable hearsay" (Correction Law § 168-n [3]; *see People v Vaughn*, 26 AD3d 776, 776-777 [2006]; *People v Hegazy*, 25 AD3d 675, 676 [2006]). In particular, we conclude that the court appropriately assessed 145 points against defendant, including 15 points for his failure to take responsibility for his crimes.

There is no merit to defendant's contention that SORA violates the constitutional prohibition against ex post facto laws (*see Doe v Pataki*, 120 F3d 1263, 1271-1285 [1997], *cert denied* 522 US 1122 [1998]; *People v Brown*, 302 AD2d 919, 921 [2003]; *People v Hughes*, 269 AD2d 858 [2000], *lv denied* 95 NY2d 798 [2000]). Defendant's remaining constitutional challenges to SORA are unpreserved for our review (*see People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]; *Brown*, 302 AD2d at 920; *People v Davis*, 300 AD2d 1037, 1037-1038 [2002]). The court properly declined to recuse itself (*see Rochester Community Individual Practice Assn. v Excellus Health Plan* [appeal No. 2], 305 AD2d 1007, 1008 [2003], *lv dismissed* 1 NY3d 546 [2003]; *Matter of Angie M.P.*, 291 AD2d 932, 932-933 [2002], *lv denied* 98 NY2d 602 [2002]; *Matter of Rumsey v Niebel*, 286 AD2d 564, 565 [2001]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.