■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PENDELTON, Appellant. [855 NYS2d 191]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Suffolk County (Hudson, J.), dated August 9, 2006, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

In establishing the appropriate risk level determination under the Sex Offender Registration Act, the People bear the burden of proving the necessary facts by clear and convincing evidence (see Correction Law § 168-n [3]; People v Lawless, 44 AD3d 738 [2007]; People v Hardy, 42 AD3d 487 [2007]). Here, the defendant argues that the People failed to establish by clear and convincing evidence that he should be assessed 10 points under risk level factor 10, "[r]ecency of prior felony or sex crime" (Sex Offender Registration Act: Risk Assessment Guidelines [1997 ed]). We agree.

Risk level factor 10 provides that 10 points should be assessed if the "offender has a prior conviction or adjudication for a felony or sex crime that occurred less than three years before the instant offense" (id.). The commentary to the guidelines provides that "[t]his three-year period should be measured without regard to the time during which the offender was incarcerated or civilly committed. It is an offender's behavior during his time at liberty that is relevant in assessing his likelihood to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15; cf. Penal Law § 70.04 [1] [b] [iv], [v]). In this case, the defendant's prior felony was committed, and his conviction for it was entered, more than three years before he committed the sex crimes, and the People relied on the tolling provision. The People did not, however, provide any proof that the defendant was incarcerated for sufficient periods to bring his prior crime within the three-year recency period. Consequently, the 10 points assessed under this

risk level factor should not have been added to the defendant's point total. Without those 10 points, the defendant's presumptive risk level is level two, and thus the defendant should be designated a risk level two offender. We note that the defendant remains classified as a "sexually violent offender" (Correction Law § 168-a [3], [7] [b]) and will be subject to lifetime registration requirements (*see* Correction Law § 168-h [2]; § 168-*o* [1]). Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.