■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MARRERO, Appellant. [861 NYS2d 116]—

Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Westchester County (Bellantoni, J.), entered July 18, 2007, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the defendant is designated as a level two sex offender.

In establishing the appropriate risk level determination under the Sex Offender Registration Act, the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Lawless,* 44 AD3d 738 [2007]; *People v Hardy,* 42 AD3d 487 [2007]). Here, the defendant argues that the People failed to establish by clear and convincing evidence that he should be assessed 10 points under risk level factor 10, "Recency of Prior Felony or Sex Crime" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [1997 ed]). We agree.

Risk level factor 10 provides that 10 points should be assessed if the "offender has a prior conviction or adjudication for a felony or sex crime that occurred less than three years before the instant offense" (*id.*). The commentary to the guidelines provides that "[i]n weighing an offender's criminal history, the nature of his prior crime is not the only important factor; the recency of those crimes matters as well. To capture this factor, the guidelines assess 10 points if an offender has a prior felony or sex crime within three years of his instant offense. This three-year period should be measured without regard to the time during which the offender was incarcerated or civilly committed. It is an offender's behavior during his time at liberty that is relevant in assessing his likelihood to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [1997 ed]; *cf.* Penal Law § 70.04 [1] [b] [iv], [v]). In this case, the defendant committed a prior sex crime, pleaded guilty to it, and was sentenced upon his conviction to probation more than three years before he committed the later sex crimes.

There is no support in the guidelines or the commentary for the People's argument that the defendant's violation of probation and his resentence to a jail term of six months changed the date from which the three-year recency period is measured. Subtracting the time the defendant was incarcerated after he was resentenced still does not bring the prior sex crime within three years of the later crime for purposes of risk factor 10. Consequently, the 10 points assessed under this risk level factor should be subtracted from the defendant's point total. Without those 10 points, the defendant's presumptive risk level is level two, and we designate the defendant as a risk level two offender (*see People v Pendelton,* 50 AD3d 659 [2008]).

We note that the defendant remains classified as a "sexually violent offender" and a predicate sex offender (Correction Law § 168-a [2], [3], [7] [b], [c]) and will be subject to lifetime registration requirements (*see* Correction Law § 168-h [2]; § 168-o [1]).

The People's remaining argument is not properly before us. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.