██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESHUN WEATHERSBY, Appellant. [877 NYS2d 542]—

<span style="background:black; color:black"></span>

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered August 14, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that Supreme Court erred in determining that the People established by clear and convincing evidence that he should be assessed 10 points under the risk factor based upon the recency of a prior felony offense. We reject that contention. Pursuant to the commentary to the risk assessment guidelines, 10 points should be assessed under that risk factor "if an offender has a prior felony or sex crime within three years of the instant offense. This three-year period should be measured without regard to the time during which the offender was incarcerated or civilly committed. It is an offender's behavior during his time at liberty that is relevant in assessing his likelihood to reoffend" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 14 [2006]; *see People v Marrero*, 52 AD3d 797, 798 [2008]). The instant offense was committed on October 6, 2001, and defendant was convicted of a felony offense on September 2, 1998, more than three years earlier. The case summary establishes, however, that defendant was sentenced to three separate periods of incarceration during the time period between the prior conviction and the date of the instant offense. Although the People failed to present evidence establishing precisely how much of that period defendant was actually incarcerated, they presented evidence establishing that defendant was sentenced to a term of incarceration of six months upon his violation of probation with respect to the prior felony, as well as two terms of incarceration of 180 days and 90 days, respectively, for misdemeanor convictions. Thus, we conclude that the People established by clear and convincing evidence

that defendant was incarcerated for sufficient periods to reduce the time between the conviction for the prior offense and the date of the instant offense to within the requisite three-year period (*cf. Marrero*, 52 AD3d at 799; *People v Pendelton*, 50 AD3d 659 [2008], *lv denied* 11 NY3d 702 [2008]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.