THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUNN, Appellant. [918 NYS2d 358]—

Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law article 6-C; hereinafter SORA). Following a SORA hearing, the County Court, inter alia, assessed the defendant 10 points under risk factor 2 ("Sexual Contact with Victim-Contact under clothing"), and 10 points under risk factor 10 ("Recency of prior offense-Less than three years"). The defendant's total assessment of 110 points resulted in a level three ("high risk") classification. On appeal, the defendant only challenges the assessment of points under risk factors 2 and 10.

Contrary to the People's contention, the defendant's arguments are preserved for appellate review. On the merits, in establishing the appropriate risk level determination under SORA, the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law

§ 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]). The proof presented by the People was sufficient to show that the defendant had sexual contact with the victim which resulted in contact under clothing, within the meaning of the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) for risk factor 2. Additionally, the proof presented by the People was sufficient to demonstrate that the defendant had only been at liberty an aggregate 22 months and 2 days between the time of his prior felony conviction on January 21, 1981, and the instant offense, which occurred on January 1, 1994, a period of less than three years (*see People v Pendelton*, 50 AD3d 659 [2008]; *People v Marrero*, 52 AD3d 797 [2008]). Accordingly, the County Court properly designated the defendant a level three sex offender. Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.