# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**832**

**KA 10-00809**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH W. NEUER, DEFENDANT-APPELLANT.

---

GARY A. HORTON, PUBLIC DEFENDER, BATAVIA (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Genesee County Court (Robert C. Noonan, J.), entered March 9, 2010.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.).  Defendant failed to preserve for our review his contention that he was denied due process when the District Attorney's Office, rather than the Board of Examiners of Sex Offenders, prepared the risk assessment instrument (*see People v Charache*, 9 NY3d 829; *People v McElhearn*, 56 AD3d 978, 978-979, *lv denied* 13 NY3d 706).

We agree with defendant that the People failed to establish by the requisite clear and convincing evidence that he should be assessed 10 points under risk factor 10 based upon the recency of a prior sex crime (*see generally* Correction Law § 168-n [3]).  Defendant had not yet been convicted of that prior sex crime at the time he committed the present offense (*see generally People v Weathersby*, 61 AD3d 1382, 1382-1383, *lv denied* 13 NY3d 701; *People v Marrero*, 52 AD3d 797, 798).  Rather, although defendant committed that prior sex crime approximately five months before committing the present offense, he did not plead guilty to that crime until several months after committing the present offense.  For the same reason, we agree with defendant that County Court erred in applying the presumptive override for a prior sex felony because defendant had not been convicted of the prior sex felony at the time he committed the instant offense (*see generally People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708).

We further agree with defendant that the People failed to establish by the requisite clear and convincing evidence that he should be assessed 20 points under risk factor 13 based upon his conduct while under supervision.  The People correctly noted at the SORA hearing that defendant committed the instant offense while under supervision for a prior conviction of endangering the welfare of a child, but risk factor 13 is concerned with a sex offender's *post*-offense behavior while supervised (*see generally People v Warren*, 42 AD3d 593, 594-595, *lv denied* 9 NY3d 810).  Inasmuch as there is no indication that defendant engaged in any inappropriate behavior while confined or supervised for the present offense, the court erred in assessing the 20 points under risk factor 13.

Taking into account the above errors in calculating defendant's risk level, we conclude that defendant is a presumptive level two risk rather than a presumptive level three risk, as determined by the court.  We agree with the People, however, that an upward departure is warranted under the circumstances of this case, a contention raised by the People during the SORA hearing and again raised by the People on appeal as an alternative basis for an affirmance (*see People v Aldrich*, 56 AD3d 1228, 1229).  The "recalculated total risk factor score d[oes] not adequately take into account defendant's criminal record or lack of success during periods of supervised release, and thus . . . an upward departure from the presumptive risk level [is] warranted" (*People v Barnes*, 34 AD3d 1227, 1228, *lv denied* 8 NY3d 803).  The record establishes that "the risk of repeat offense is high and there exists a threat to the public safety" (Correction Law § 168-*l* [6] [c]).

Entered:  July 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court