■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME KATZ, Appellant. [52 NYS3d 635]—

Appeal by the defendant from an order of the County Court, Rockland County (Nelson, J.), entered April 3, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the proceeding is dismissed.

In 2009, the defendant pleaded guilty to attempted criminal sexual act in the first degree in Rockland County, and sodomy in the second degree in New York County. The defendant was sentenced to prison in both cases, with the sentences running concurrently with each other. Prior to the defendant's release from prison, the Supreme Court, New York County, held a risk level assessment hearing under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) and designated the defendant a level two sex offender. The County Court, Rockland County, subsequently held a SORA risk level assessment hearing utilizing the same Risk Assessment Instrument (hereinafter RAI) as had been used in the New York County SORA proceeding. In the Rockland County SORA proceeding, the defendant applied to bar the People from seeking an upward departure to a level three sex offender designation based on the doctrine of res judicata. In the order appealed from, the court, without expressly addressing the defendant's application, designated the defendant a level three sex offender. The defendant appeals from this order.

Here, the result reached by the County Court in the Rockland County SORA proceeding conflicted with the result reached by the Supreme Court in the New York County SORA proceeding even though the same RAI was utilized in both proceedings. Recently, the Court of Appeals instructed that in order to prevent conflicting conclusions based upon the same RAI, "one—and only one—sentencing court should render a risk level determination based on all conduct contained in the RAI" (People v Cook, 29 NY3d 114, 119-120 [2017]). Accordingly, the Rockland County SORA proceeding must be dismissed.

In light of our determination, we need not address the defendant's remaining contentions. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.