People v Lott (2018 NY Slip Op 03001)





People v Lott


2018 NY Slip Op 03001


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


486 KA 16-02248

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERNEST LOTT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (David W. Foley, A.J.), entered September 28, 2016. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 10 points for the recency of a prior felony conviction. We reject that contention. "Pursuant to the commentary to the risk assessment guidelines, 10 points should be assessed under that risk factor if an offender has a prior felony or sex crime [conviction] within three years of the instant offense' " (People v Weathersby, 61 AD3d 1382, 1382 [4th Dept 2009], lv denied 13 NY3d 701 [2009], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). The three-year period is measured from the date of the prior conviction without regard to any time during which the offender was incarcerated (see People v Dunn, 82 AD3d 856, 857 [2d Dept 2011], lv denied 17 NY3d 704 [2011]; Weathersby, 61 AD3d at 1382). A defendant is "convicted" of an offense upon "the entry of a plea of guilty" (CPL 1.20 [13]). Here, defendant was convicted upon his plea of guilty of a felony, absconded, and, less than five months later, committed the instant designated sex offense. Thus, we conclude that the court properly assessed 10 points for the recency of the prior felony conviction because the People proved by clear and convincing evidence that the time between that conviction and the commission of the instant offense was less than three years (see Weathersby, 61 AD3d at 1382-1383).
Defendant failed to preserve for our review his constitutional challenges to SORA because those challenges are raised for the first time on appeal (see People v Frank, 37 AD3d 1043, 1044 [4th Dept 2007], lv denied 9 NY3d 803 [2007], rearg denied 9 NY3d 977 [2007]). Contrary to defendant's further contention, he was not denied effective assistance of counsel based on his attorney's failure to raise his constitutional challenges at the SORA hearing. An attorney's single alleged error in failing to raise an argument does not constitute ineffective assistance of counsel unless that error is " clear-cut and completely dispositive' . . . , and not one based on a complex analysis" (People v Calderon, 66 AD3d 314, 320 [1st Dept 2009], lv denied 13 NY3d 858 [2009], quoting People v Turner, 5 NY3d 476, 481 [2005]).

Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court