People v Fuentes (2019 NY Slip Op 08232)





People v Fuentes


2019 NY Slip Op 08232


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-03783

[*1]People of State of New York, respondent,
v
Jose Alex Fuentes, appellant.


Janet E. Sabel, New York, NY (Steven J. Miraglia of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated February 7, 2017. The order, after a hearing, designated the defendant a level three sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was separately convicted and sentenced for his commission of rape in the first degree against two different females in 2002, one in Kings County and the other in Queens County. He was scheduled to be released from prison in connection with both rapes on November 10, 2016. Prior to the defendant's release, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a separate case summary and risk assessment instrument (hereinafter RAI) relating to each of the convictions. In December 2016, pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court, Kings County held a risk level assessment hearing based on the RAI relating to the Kings County rape and designated the defendant a level two sexually violent offender. In February 2017, the Supreme Court, Queens County, held a risk level assessment hearing based on the RAI relating to the Queens County rape. That court determined that the defendant was a presumptive level two sexually violent offender, but granted the People's application, upon the Board's recommendation, for an upward departure to a risk level three. The defendant appeals from the February 2017 order. We affirm.
The defendant contends that he was deprived of the effective assistance of counsel in connection with the Queens County SORA proceeding because his attorney failed to move to dismiss it, inter alia, as duplicative of the SORA proceeding in Kings County. Contrary to the defendant's contention, the instant proceeding, based on a separate RAI and case summary and concerning a different current offense, was not a duplicative proceeding unauthorized by statute (see People v Cook, 29 NY3d 114, 119; People v Hirji, 170 AD3d 412; cf. People v Katz, 150 AD3d 1160; People v Cook, 128 AD3d 928, 931, affd 29 NY3d 114), nor was it barred by the doctrine of res judicata (cf. People v Cook, 128 AD3d at 932). Thus, the defendant's attorney was not ineffective for failing to seek dismissal of the instant proceeding on these grounds (see generally People v Caban, 5 NY3d 143, 152; People v Aroer, 172 AD3d 736).
We agree with the Supreme Court's determination granting the People's application for an upward departure from the presumptive risk level two designation to risk level three. The People demonstrated by clear and convincing evidence that there were aggravating factors not adequately taken into account by the RAI (see generally People v Gillotti, 23 NY3d 841, 861). Specifically, the People established that the instant offense involved a high degree of violence not adequately accounted for by the SORA Guidelines (see People v Shim, 139 AD3d 68, 76-77; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4), and further demonstrated that the defendant had committed additional violent felonies relatively close in time to the instant offense which were not accounted for by the RAI. Accordingly, the Supreme Court did not improvidently exercise its discretion in determining that an upward departure was warranted (see People v Davis, 166 AD3d 820, 821; People v Amorin, 164 AD3d 1483, 1484; People v Ginyard, 161 AD3d 906; People v Shim, 139 AD3d at 76-77). In this regard, the defendant's contention that the court failed to give appropriate weight to certain allegedly mitigating factors in reaching its determination is without merit (see People v Harris, 172 AD3d 922, 923; People v Davis, 166 AD3d at 821).
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court