People v Miller (2020 NY Slip Op 00766)





People v Miller


2020 NY Slip Op 00766


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1221 KA 04-02539

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE E. MILLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI P. RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from an order of the Cattaraugus County Court (Larry M. Himelein, J.), entered February 28, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and defendant's risk level determination made by Cattaraugus County Court pursuant to the Sex Offender Registration Act is vacated.
Memorandum: In 2001, defendant was convicted in Cattaraugus County Court upon his plea of guilty of attempted sodomy in the second degree and, that same year, he was convicted in Allegany County Court upon his plea of guilty of sexual abuse in the first degree. The convictions stemmed from a course of conduct against one victim that occurred in both jurisdictions. Defendant was sentenced in both cases and, prior to his release from prison, Allegany County Court held a proceeding to determine his risk level designation under the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.) and designated him a level two risk. Cattaraugus County Court subsequently held a SORA proceeding utilizing a risk assessment instrument (RAI) and case summary that were substantively identical to those used in the Allegany County SORA proceeding, but designated defendant a level three risk. On a prior appeal (People v Miller, 37 AD3d 1071 [4th Dept 2007]), we affirmed the order of Cattaraugus County Court designating him a level three risk. We subsequently granted defendant's motion for a writ of error coram nobis (People v Miller, 169 AD3d 1460 [4th Dept 2019]), and we vacated our prior order. We now consider the appeal de novo.
"Where, as here, a single RAI addressing all relevant conduct is prepared, the goal of assessing the risk posed by the offender is fulfilled by a single SORA adjudication. To hold otherwise—that is, to permit multiple risk level determinations based on conduct included in a single RAI—would result in redundant proceedings and constitute a waste of judicial resources" (People v Cook, 29 NY3d 114, 119 [2017]). In order to prevent multiple courts from reaching conflicting conclusions based on the same RAI, "one—and only one—sentencing court should render a risk level determination based on all conduct contained in the RAI" (id. at 119-120; see People v Katz, 150 AD3d 1160, 1160 [2d Dept 2017]). Inasmuch as the Cattaraugus County SORA proceeding was duplicative, we reverse the order and vacate defendant's risk level determination made by Cattaraugus County Court (see Cook, 29 NY3d at 119-120; Katz, 150 AD3d at 1160).
In light of our determination, we do not address defendant's remaining contentions.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court