People v Green (2021 NY Slip Op 08265)





People v Green


2021 NY Slip Op 08265


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2012-10328

[*1]People of State of New York, respondent,
v
Peter Green, appellant. Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated November 20, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6—C), the Supreme Court assessed the defendant 130 points, which rendered him a presumptive level three sex offender. Among other points, the court assessed 30 points under risk factor 9 and 10 points under risk factor 10. Further, the court applied an override applicable where a sex offender has a "prior felony conviction for a sex crime." The court designated the defendant a level three sex offender.
The Supreme Court should not have assessed 30 points under risk factor 9 or 10 points under risk factor 10, based on the defendant's conviction in Connecticut of sexual assault in the first degree (hereinafter the Connecticut crime). The Connecticut crime took place on April 1, 2008, and the defendant did not plead guilty thereto until December 4, 2008. The instant offense, sexual abuse in the first degree, was a continuing course of sexual misconduct that occurred on or about January 1, 2008, and April 1, 2008. Thus, the Connecticut crime was not "a prior conviction or adjudication" warranting the assessment of 30 points under risk factor 9 nor a "prior felony or sex crime" warranting the assessment of 10 points under risk factor 10 (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-14 [2006] [hereinafter Guidelines]; see People v Williams, 186 AD3d 883, 884; People v Neuer, 86 AD3d 926, 926-927; cf. People v Beers, 124 AD3d 741). For the same reason, the court should not have applied the override based on the Connecticut crime (see People v Neuer, 86 AD3d at 927). Subtracting the aforementioned 40 points and assessing only 5 points under risk factor 9 to correctly reflect the defendant's prior criminal history results in a total of 95 points, and a presumptive risk level two classification.
However, contrary to the defendant's contention, the Supreme Court considered and, in effect, granted the People's request, in the alternative, for an upward departure. Where the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating factors alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines, and whether the [*2]People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating factors (see Correction Law § 168-n[3]; People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the People presented clear and convincing evidence of aggravating factors not adequately taken into account by the Guidelines, including, inter alia, the defendant's commission of the Connecticut crime against a visually impaired victim (see People v Amin, 128 AD3d 785, 786). The Supreme Court providently exercised its discretion in weighing these aggravating factors and determining, in effect, that the totality of the circumstances warranted an upward departure from the presumptive level two designation. Accordingly, the court properly designated the defendant a level three sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court