People v Gomez (2022 NY Slip Op 02440)

People v Gomez

2022 NY Slip Op 02440

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-00840

[*1]The People of the State of New York, respondent,
v
Isael Gomez, appellant. Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 4, 2020, which, after a hearing, designated him a level three predicate sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed on the law, without costs or disbursements, and the defendant is designated a level two sex offender.
The defendant sexually abused his stepdaughter from 1999, when the child was 8 years old and the family lived in New York County, until 2004, when the child was 14 years old and the family lived in Westchester County. On May 5, 2011, the defendant pleaded guilty in New York County to course of sexual conduct against a child in the first and second degree for acts that occurred from 1999 until 2003, and was thereafter sentenced on those convictions. On May 24, 2011, the defendant pleaded guilty in Westchester County to criminal sexual act in the second degree for acts that occurred in 2004, and was thereafter sentenced to a term of imprisonment to run consecutively to the sentences imposed on the New York County convictions.
In relation to the Westchester County conviction, following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 120 points, rendering him a presumptive level three sex offender, including 20 points under risk factor 4 for a continuing course of sexual misconduct, 30 points under risk factor 5 for the age of victim being 10 or less, and 30 points under risk factor 9 for a prior felony sex crime. The court found that the defendant's New York County convictions constituted prior felony sex crimes. Based upon that same finding, the court applied the override for a prior felony conviction for a sex crime and designated the defendant a predicate sex offender, which also, independently, rendered the defendant a presumptive level three sex offender. The court denied the defendant's application for a downward departure and designated him a level three predicate sex offender. The defendant appeals.
Contrary to the defendant's contention, the instant SORA proceeding was not duplicative of the SORA proceeding conducted in New York County on his convictions there. The instant proceeding was based upon a separate risk assessment instrument and case summary and concerned different current offenses (see People v Sanchez, 186 AD3d 880, 881-882; People v Fuentes, 177 AD3d 788, 789; People v Hirji, 170 AD3d 412; cf. People v Cook, 29 NY3d 114, 119).
The Supreme Court did not err in assessing the defendant 20 points under risk factor 4, for engaging in a continuing course of sexual misconduct. The People established by clear and convincing evidence that in 2004, during the time that the family was living in Westchester County, and in relation to the subject conviction, the defendant engaged in two or more acts of sexual contact, at least one of which was an act of sexual intercourse or oral sexual conduct, and the acts were separated in time by at least 24 hours. The People also established that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks (see SORA: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Jarama, 178 AD3d 970, 971; People v Dilillo, 162 AD3d 915, 916). Thus, the People met their burden of proof with respect to risk factor 4 (see People v Brown, 194 AD3d 861, 862; People v Eason, 192 AD3d 925, 926; People v Maldonado, 147 AD3d 798, 799).
As the People correctly concede, the Supreme Court erred in assessing 30 points under risk factor 5 for the age of the victim being 10 or less. The purpose of risk factor 5 is to assess points based on matters involving the "[c]urrent [o]ffense[s]," that is, "on the basis of all of the crimes that were part of the instant disposition" (Guidelines at 5; see People v Hoffman, 160 AD3d 1485, 1486). Here, the current offense that was the subject of the SORA hearing was committed when the victim was 14 years old. Thus, the defendant should have been assessed only 20 points under risk factor 5 (see Guidelines at 11; People v Hoffman, 160 AD3d at 1486).
As the People also correctly concede, the Supreme Court should not have assessed 30 points under risk factor 9 based upon the defendant's New York County convictions. Although the criminal acts underlying those convictions took place between 1999 and 2003, the defendant did not plead guilty to the crimes until 2011. The instant offense occurred in 2004, well before he was convicted of the New York County crimes. Thus, they were not "a prior conviction or adjudication" warranting the assessment of 30 points under risk factor 9 (Guidelines at 13; see People v Green, 192 AD3d 927, 928; People v Neuer, 86 AD3d 926, 926-927). For the same reason, the court should not have determined that the defendant was a predicate sex offender and applied the override based on the New York County convictions (see People v Green, 192 AD3d at 927; People v Neuer, 86 AD3d at 927).
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure, since he failed to demonstrate the existence of a mitigating factor that tended to establish a lower likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d 842, 861; People v Samuels, 199 AD3d 1034, 1036-1037).
Subtracting the aforementioned 30 points under risk factor 9 and assessing only 20 points under risk factor 5 results in a total of 80 points, and a presumptive risk level two classification with no predicate sex offender override. Accordingly, we reverse and designate the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court