People v Philips (2024 NY Slip Op 00642)

People v Philips

2024 NY Slip Op 00642

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05143

[*1]The People of the State of New York, respondent,
v
George Philips, appellant. Kathy Manley, Selkirk, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated May 20, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
From June through September 1997, the defendant sexually assaulted three female victims in Nassau County, including two minors, and attempted to sexually assault a fourth victim, also a minor. During this same period, the defendant sexually assaulted two other female victims, an adult and a minor, in Queens County. On November 23, 1999, following a jury trial, he was convicted in the Supreme Court, Queens County, of two counts of rape in the first degree, one count of sodomy in the first degree, and three counts of sexual abuse in the first degree for the sexual assaults he committed in Queens County (see People v Philips, 30 AD3d 618, 618). On February 16, 2000, the defendant, upon his Alford plea (see North Carolina v Alford, 400 US 25), was convicted in the County Court, Nassau County, of one count of rape in the first degree, two counts of sodomy in the first degree, and one count of attempted sodomy in the first degree for the sexual assaults he committed in Nassau County (see People v Philips, 30 AD3d 620, 620). Each court sentenced the defendant to a particular term of imprisonment, with the sentence imposed by the County Court, Nassau County, issued second and running concurrently with the sentence imposed by the Supreme Court, Queens County (see Philips v Brown, 2011 WL 1984520, *2-3, 2011 US Dist LEXIS 54815, *7-8 [ED NY, No. 08CV2625 (FB)]).
On September 8, 2021, in anticipation of the defendant's release to community supervision on September 28, 2021, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared one risk assessment instrument (hereinafter RAI) relating to the Queens County offenses and another RAI relating to the Nassau County offenses, with separate case summaries for each. The Board thereafter issued an amended RAI, along with an updated case summary, in relation to the Queens County offenses. On November 10, 2021, the Supreme Court, Queens County, conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) and thereafter designated the defendant a level three sex offender. In an order dated May 20, 2022, the Supreme Court, Nassau County, which conducted its own SORA hearing, also designated the defendant a level three sex offender. The defendant appeals from that order.
Contrary to the defendant's contention, the instant SORA proceeding was not duplicative of the SORA proceeding conducted in Queens County with respect to his convictions there, since the instant proceeding was not only based on a separate RAI and separate case summary but also concerned different offenses (see People v Gomez, 204 AD3d 843; People v Fuentes, 177 AD3d 788, 789; People v Hirji, 170 AD3d 412, 412-413; cf. People v Cook, 29 NY3d 114, 119; People v Katz, 150 AD3d 1160, 1160). Nor was the instant proceeding rendered duplicative because of the prior decision, by the Supreme Court, Queens County, to grant the People's application for an upward departure based upon the offenses the defendant committed in Nassau County (see People v Songster, 207 AD3d 579, 581-582; People v Fuentes, 177 AD3d at 789-790; People v Hirji, 170 AD3d at 412-413).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court