People v Horoho (2024 NY Slip Op 00958)

People v Horoho

2024 NY Slip Op 00958

Decided on February 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 22, 2024

CV-23-0273
[*1]The People of the State of New York, Respondent,
v
Robert Horoho, Appellant.

Calendar Date:January 9, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ.

E. Stewart Jones Hacker Murphy LLP, Troy (Julie A. Nociolo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered July 14, 2021, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In September 2014, defendant pleaded guilty in Albany County to promoting a sexual performance by a child and was sentenced to seven years in prison to be followed by 10 years of postrelease supervision. In April 2015, defendant pleaded guilty in Schenectady County to rape in the second degree and was sentenced to three years in prison to be followed by nine years of postrelease supervision, with the sentence to run concurrently with the sentence imposed on the Albany County conviction.
In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared separate risk assessment instruments (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) for each conviction. In the RAI prepared for the Schenectady County conviction, the Board presumptively classified defendant as a risk level two sex offender (85 points) but recommended an upward departure to a risk level three classification. The RAI prepared by the Board for the Albany County conviction presumptively classified defendant as a risk level one sex offender (20 points) but recommended an upward departure to a risk level three classification. The People prepared an RAI on the Albany County conviction that presumptively classified defendant as a risk level one sex offender (70 points) that also recommended an upward departure to a risk level three classification.
In relation to the Schenectady County conviction, a hearing was held on October 23, 2020. At the hearing, Schenectady County Court (Sypniewski, J.) noted a prehearing conference during which both parties agreed to the 85 points assessed in the RAI. Despite confirming at the hearing that both parties were prepared to address the People's request for an upward departure, the court stated that it was willing to accept a stipulation to a risk level two classification in lieu of a hearing and with the understanding that there would be no additional designation or a hearing on the People's request for an upward departure. Defendant agreed and, over the People's objection, the court accepted defendant's stipulation and classified him as a risk level two sex offender.
A hearing was scheduled on the Albany County conviction for October 27, 2020. That hearing was adjourned after defendant argued that, in light of the Schenectady County SORA determination, the Albany County proceeding was duplicative and a waste of resources (see People v Cook, 29 NY3d 114, 119-120 [2017]). A SORA hearing was held on defendant's Albany conviction on July 13, 2021, at the outset of which County Court (Ackerman, J.) rejected defendant's contention that the proceeding was duplicative of the Schenectady County proceeding. The court then scored defendant with 60 [*2]points under the RAI, a presumptive risk level one classification, but granted the People's request for an upward departure and classified defendant as a risk level three sex offender. Defendant appeals.
Defendant contends that the Albany County proceeding was duplicative and unauthorized pursuant to Cook. We disagree. In Cook, the defendant committed sex crimes in two counties and the Board prepared a single RAI that addressed defendant's conduct in both counties (see People v Cook, 29 NY3d at 119). The Court of Appeals concluded that "[w]here, as here, a single RAI addressing all relevant conduct is prepared, the goal of assessing the risk posed by the offender is fulfilled by a single SORA adjudication. To hold otherwise — that is, to permit multiple risk level determinations based on conduct included in a single RAI — would result in redundant proceedings and constitute a waste of judicial resources" (id.). In contrast, the instant proceeding was based upon a separate RAI concerning a different current offense from the one prepared for the Schenectady County conviction. Under these circumstances, Albany County Court properly conducted a SORA proceeding relative to defendant's conviction in that county that was not duplicative of the SORA proceeding conducted in Schenectady County (see People v Forshey, 213 AD3d 1209, 1210 [4th Dept 2023], lv denied 39 NY3d 914 [2023]; People v Gomez, 204 AD3d 843, 844 [2d Dept 2022]; People v Sanchez, 186 AD3d 880, 881-882 [2d Dept 2020]; compare People v Cisneros, 205 AD3d 624, 624 [1st Dept 2022]; People v Katz, 150 AD3d 1160, 1160 [2d Dept 2017]).
Aarons, Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.