People v Vallejo (2026 NY Slip Op 50285(U))

[*1]

People v Vallejo

2026 NY Slip Op 50285(U)

Decided on March 10, 2026

Criminal Court Of The City Of New York, Kings County

Park, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstOscar Vallejo, Defendant.

Docket No. CR-049488-24KN

The People were represented by Assistant District Attorney Ruby Brunet, and the defendant was represented by Gabrielle Maria, of Brooklyn Defender Services.

Jung Park, J.

Defendant was convicted of Forcible Touching in violation of Penal Law § 130.52(1) on February 27, 2025, following a guilty plea. On October 17, 2025, this court conducted a hearing pursuant to New York's Sex Offender Registration Act ("SORA") to determine defendant's risk level and adjudicated defendant, who was present in court, a level two sex offender with a moderate risk to re-offend. This decision memorializes the oral decision rendered at the close of the hearing.Relevant Facts and Procedural HistoryOn November 21, 2024, defendant was arraigned on a misdemeanor complaint charging him with one count each of Forcible Touching (Penal Law § 130.52[1]), Sexual Abuse in the Third Degree (Penal Law § 130.55), and Harassment in the Second Degree (Penal Law § 240.26[1]). The accusatory instrument alleged that on October 31, 2024, at approximately 2:55 a.m., while inside the "L" train, traveling from Jefferson Street subway station in Kings County to the 14th Street Union Square subway station in Manhattan, defendant grabbed the complainant's breast with his hand and squeezed her breast without her consent.[FN1]

Prior to defendant's arrest and arraignment on the instant matter, defendant had two open cases in Kings County: (1) under indictment number IND-74668-23, defendant was charged with Assault in the Second Degree as a Sexually Motivated Felony (Penal Law §§ 120.05[6] & 130.91[1]), Attempted Sexual Abuse in the First Degree (Penal Law §§ 110/130.65[1]), Attempted Forcible Touching (Penal Law §§ 110/130.52[1]) and other related crimes for an incident that occurred on June 26, 2023, at approximately 10:20 p.m., at 970 Decatur Street, in Kings County; and (2) under Superior Court Information ("SCI") number SCI-76713-24, defendant was charged with Forcible Touching (Penal Law § 130.52[2]) and related charges for an incident that occurred on October 5, 2024, at approximately 9:55 p.m., at the Jefferson Street "L" train subway station, in Kings County. On November 20, 2024, defendant pled guilty to one [*2]count of Forcible Touching (Penal Law § 130.52[2]) to satisfy SCI-76713-24 and one count of Attempted Forcible Touching (Penal Law § 110/130.52[1]) to satisfy IND-74668-23. That same day, defendant was sentenced to a term of 364 days on the Forcible Touching count and 90 days on the Attempted Forcible Touching count, sentences to run concurrently.
On the instant matter, on February 27, 2025, defendant pled guilty to one count of Forcible Touching (Penal Law § 130.52[1]) and was sentenced to a term of 6 months incarceration. Defendant was subject to sex offender registration because of his November 20, 2024, convictions for forcible touching and attempted forcible touching (see Correction Law § 168-a [2][c]). Following defendant's conviction, the court adjourned the matter to October 9, 2025, for a SORA hearing to determine defendant's risk level.
On October 9, 2025, all parties appeared in court, but defense counsel stated that she needed additional time to conduct the SORA hearing after receiving the People's September 30, 2025, submissions, and the court adjourned the case to October 17, 2025, for a SORA determination proceeding.
The SORA Hearing
On October 17, 2025, the parties appeared in court to conduct a SORA hearing to determine defendant's risk level pursuant to Correction Law § 168-n (1) and (2). Defendant was present with the assistance of a Spanish language interpreter.
The Board's Recommendation
Pursuant to its September 25, 2025, Risk Assessment Instrument ("RAI"), the Board of Examiners of Sex Offenders ("the Board") recommended that defendant be assessed 5 points for contact over clothing (Risk Factor 2); 20 points for stranger relationship with the victim (Risk Factor 7) [FN2]
; and 15 points for release without supervision (Risk Factor 14). The total score of 40 points rendered defendant a presumptive level one offender and the Board's recommendation was that defendant be assessed a Level One Offender, with a low risk of re-offense.
People's Argument
The People introduced the documents previously provided to the court and defendant on September 30, 2025, including (1) the RAI prepared by the Board and the case summary prepared by the Board, (2) RAI prepared by the People, (3) a copy of the Kings County District Attorney's Office Early Case Assessment Bureau ("ECAB") screening sheet, (4) a copy of the NYPD complaint report for the instant case, (5) a copy of the criminal court complaint for the instant case, (6) a copy of the superseding complaint and the supporting deposition signed by the [*3]victim for the instant case, (7) defendant's criminal history/RAP sheet, (8) a copy of the July 2023 indictment in connection with IND-74668-23, and (9) a copy of the criminal court complaint and a supporting deposition signed by the victim in connection with SCI-76713-24. The People also submitted their letter, dated September 30, 2025, outlining their position regarding the People's assessment of points in the RAI. Defendant, through his attorney, acknowledged receipt of the letter and the supporting documents and objected to the admission of the ECAB screening sheet, at which time the People withdrew the ECAB screening sheet. The remaining documents were accepted by the court without objection.
The People's RAI adopted all of the above points that were previously assessed by the Board, with the exception of Risk Factors 9 and 10. The Board did not assess defendant any points for the two categories, but the People submitted that defendant should be assessed (30) points under Risk Factor 9, for number and nature of prior crimes, and (10) points under Risk Factor 10, for recency of prior felony or sex crime. The People asserted that defendant's two November 20, 2024, convictions for misdemeanor sex crimes should be considered in his likelihood to re-offend. Specifically, the People argued defendant's convictions for Attempted Forcible Touching (IND-74668-23) and Forcible Touching (SCI-76713-24) constitute prior sex crimes that should have been assessed (30) points under Risk Factor 9, and (10) points under Risk Factor 10 for having a conviction for a sex crime in less than three years. With the assessment of the additional points under Risk Factors 9 and 10, the People argued that defendant should be scored with a total of 80 points, designating him as presumptive Level II, or moderate risk of re-offense.
Alternatively, the People sought an upward departure from Level I to Level II under the theory that defendant's prior misdemeanor sex crimes convictions were not adequately taken into account under the Board's RAI. They argued defendant's November 20, 2024, convictions for Attempted Forcible Touching and Forcible Touching constitute prior sex crimes that should be considered an "aggravating factor" that supports an upward departure from defendant's presumptive risk level (Transcript from October 17, 2025, SORA hearing: 13-14). Citing to People v Jackson, 209 AD3d 880 (2d Dept 2022), the People submitted that an upward departure was warranted in this case because the "point score on the RAI has resulted in underassessing of the defendant's actual risk to the public" (Transcript from October 17, 2025, SORA hearing: 14). The People further argued that the November 20, 2024, convictions and the instant offense, when taken together, illustrate a "pattern of sexually offending conduct" and that an upward departure is necessary to "avoid under assessment of the defendant's risk of sexual recidivism" (Transcript from October 17, 2025, SORA hearing: 15). Finally, the People stated that since the defense argued defendant had no disciplinary actions while incarcerated, at the time of the SORA hearing, defendant was incarcerated on a separate matter (Transcript from October 17, 2025, SORA hearing: 17).[FN3]

[*4]Defendant's Argument
Defendant disputed the People's assessment of points under Risk Factors 9 and 10 and argued that the court should instead adopt the Board's "expert" assessment, which would render defendant a presumptive Level I offender (Hearing Transcript from October 17, 2025, p. 11). Defendant argued that the prior convictions from November 20, 2024, did not constitute "prior sex offenses" for purposes of SORA because under Correction Law 168-a(2), Forcible Touching, Penal Law 130.52, "is only considered a sex offense if either victim is less than 18 years of age or if the defendant had been previously convicted of a sex offense" (Transcript from October 17, 2025, SORA hearing: 11). He also stated that the Board was aware of defendant's prior convictions and decided they should not be scored in the RAI (Hearing Transcript from October 17, 2025, p. 12). Defendant maintained that the court should follow the Board's recommendation and assess him as a Level One offender, with a low risk of re-offense.
Defendant argued that the court should deny the People's request for an upward departure and adopt the Board's assessment of defendant as Level One. He claimed that the "so called aggravating factors" were adequately considered by the RAI under Risk Factors 9 and 10, and that they "cannot legally be assessed" in the instant case because the November 20, 2024, convictions were used to make him eligible for sex offender registration in the instant matter (Transcript from October 17, 2025, SORA hearing: 11-12, 15-16). Additionally, defendant stated that under People v Fisher, 177 AD3d 615 [2d Dept 2019] and People v Carter, 138 AD3d 706 [2d Dept 2016] proximity to a lower level was a relevant factor to consider when an upward departure was sought, and that defendant scored a total of 40 points, which was the "lower end of level one" and even the People's RAI score of 80 points was at the "very low end of level two" (Transcript from October 17, 2025, SORA hearing: 16). Defendant also stated that while defendant was incarcerated, he never received any disciplinary action, and that the separate case to which the People referenced was still pending, and that under People v Gillotti, 23 NY3d 841, 855 [2014] the court should not consider the new matter in considering an upward departure (Transcript from October 17, 2025, SORA hearing: 17-18).
Court's Findings of Fact and Conclusions of Law
Under section 168 of the Correction Law, the Sex Offender Registration Act ("SORA") requires registration as a sex offender following conviction of a qualifying offense. The Board of Examiners of Sex Offenders ("Board") created the Risk Assessment Instrument ("RAI") as a tool to determine a defendant's presumptive risk level. However, the Board, as well as the parties, may seek to depart from the presumptive risk levels through an application to the court for either an upward or a downward departure. According to the SORA Guidelines, "where an aggravating or mitigating factor is shown to exist, the Board or a court 'may' choose to depart if the factor indicates that the point score on the RAI has resulted in an over-or under-assessment of the offender's actual risk to public safety" (People v Wyatt, 89 AD3d 112, 121 [2d Dept 2011] [citing to SORA Guidelines at 7, 9, 14]). A court may exercise its discretion and upwardly depart from the presumptive risk level "where [the court] 'concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [*5][SORA] Guidelines' and 'the People must prove the facts in support of the aggravating factor by clear and convincing evidence'" (People v Richardson, 101 AD3d 837, 838-39 [2d Dept 2012] [internal quotations and citations omitted]). The aggravating favor "must tend to establish a higher likelihood of reoffense or danger to the community" (People v Wyatt, 89 AD3d at 123 [2d Dept 2011]; see also People v Shim, 139 AD3d 68, 76 [2d Dept 2016]). Should the People seek "a determination that differs from the recommendation submitted by the board," the People must "provide to the court and the sex offender a statement setting forth the determination sought by [them] together with the reasons for seeking such determinations" at least ten days prior to the SORA hearing (Correction Law 168-n [3]).
To begin, the court adopts the Board's assessment of 40 points based upon the calculation of (5) points under Risk Factor 2 for sexual contact with victim over the clothing, (20) points under Risk Factor 7 for a stranger relationship with the victim, and (15) points under Risk Factor 14 for release without specialized supervision, for a total of (40) points, which makes defendant presumptive risk Level One. The court rejects the People's argument that defendant should be assessed points under Risk Factors 9 and 10 because although he pled guilty to Forcible Touching and Attempted Forcible Touching on November 20, 2024, the instant offense occurred on October 31, 2024, prior to his convictions on those two cases. To be eligible for points under Risk Factors 9 and 10, the conviction must have occurred prior to the date of the instant offense (see People v Gomez, 204 AD3d 843 [App Term, 2d Dept 2022] ["although the criminal acts underlying those convictions took place between 1999 and 2003, the defendant did not plead guilty to the crimes until 2011. The instant offense occurred in 2004, well before he was convicted of the New York County crimes. Thus, they were not 'a prior conviction or adjudication' warranting the assessment of 30 points under risk factor 9"]; see also People v Green, 192 AD3d 927 [2d Dept 2021]). Therefore, defendant is determined to be presumptive risk Level One.
Next, the court must decide whether the People have shown by a clear and convincing evidence that the aggravator factor "tend to establish a higher likelihood of re-offense or danger to the community and be of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines" (People v Wyatt, 89 AD3d at 123). The court finds that the People have met their burden. First, the People provided sufficient notice that their position regarding defendant's presumptive risk level differed from that of the Board, and if the court agreed with the Board, they intended to seek an upward departure. On September 30, 2025, the People filed with the court and served upon defense counsel a letter outlining the People's position and their reasons for departing from the Board's recommendation, along with supporting documents. The SORA hearing was originally scheduled for October 9, 2025, but at the request of the defense, the court adjourned the hearing to October 17, 2025, for a SORA determination. Thus, the People provided the necessary notice to defendant more than ten days prior to the SORA hearing.
Second, it is undisputed that on November 20, 2024, defendant was convicted of Forcible Touching (Penal Law § 130.52[2]) for an incident which occurred on October 6, 2024, and Attempted Forcible Touching for an incident which occurred on July 8, 2023 (Penal Law §§ 110/130.52[1]) (Transcript from October 17, 2025, SORA hearing: 17). The court finds that the documents submitted by the People, which consisted of defendant's criminal history/RAP sheet, copy of the indictment for IND-74668-23 and a copy of the criminal court complaint and a supporting deposition for SCI-76713-24, prove by clear and convincing evidence that these two [*6]sex crimes convictions, committed on two separate dates involving two different victims, constitute aggravating factors that establish a higher likelihood of re-offense or danger to the community and that they were not adequately taken into account in the Board's RAI. By defendant's guilty pleas, which are reflected in his RAP sheet, under IND-74668-23, he admitted to attempting to forcibly touch the sexual or other intimate parts of another person without her consent on June 26, 2023, and under SCI-76713-24, defendant admitted to subjecting another person to sexual contact, by grabbing her buttocks without her consent, while inside a subway train at the Jefferson Street station on October 5, 2024. Contrary to defendant's assertion that the Board properly took into account the two prior sex crimes convictions in their RAI (Transcript from October 17, 2025, SORA hearing: 11-12, 15-16), the court disagrees. According to the documents submitted by the People, the two sex crimes cases were pending at the time defendant committed the instant offense. On July 7, 2023, defendant was arrested and charged with crimes related to the June 26, 2023, incident, and he was subsequently indicted under IND-74668-23. Then on October 5, 2024, defendant was arrested and charged with crimes related to the October 5, 2024, incident, where he later waived indictment and pled guilty under SCI-76713-24.
Finally, on November 20, 2024, the same date defendant pled guilty to the two pending cases, he was charged with the instant offense with an occurrence date of October 31, 2024, where he later pled guilty to Forcible Touching. Defendant was not assessed points under the RAI for Risk Factors 9 and 10 only because of the timing of the two convictions, and this is precisely the conduct that was not captured by the RAI that should be considered in determining whether there is a higher likelihood of re-offense or danger to the community. In examining the totality of his conduct for which he has been convicted, all of which occurred within the span of sixteen months, the People have shown by clear and convincing evidence that the two misdemeanor sex crimes convictions were not adequately taken into account by the RAI, and that these convictions tend to establish a higher likelihood of defendant's re-offense or danger to the community. Accordingly, the court grants the People's application for an upward departure, and it is ordered that defendant is adjudicated a Level Two sex offender, with a moderate risk of re-offense.
This constitutes the decision and order of the court.
Dated: March 10, 2026
Brooklyn, New York
ENTER:
Jung Park, J.C.C./A.S.C.

Footnotes

Footnote 1:On November 25, 2024, the People filed and served a superseding complaint and a supporting deposition from the complainant.

Footnote 2:Defendant objected to the scoring of 20 points under Risk Factor 7 arguing that the People failed to establish by clear and convincing evidence the stranger relationship between defendant and the complainant. The People argued that the NYPD complaint report was reliable hearsay that designated defendant's relationship to the complainant to be "no relationship." The court found that both the accusatory instrument and the NYPD complaint report constituted reliable hearsay, and while the documents did not expressly state that the complainant was a stranger to defendant, based upon the information contained in the complaint report and the accusatory instrument, the court could reasonably infer that the two parties did not know each other (Transcript of October 17, 2025, SORA hearing: 5-8).

Footnote 3:Subsequent to his conviction on the instant matter, on May 4, 2025, defendant was arraigned and charged with one count each of Persistent Sexual Abuse (Penal Law § 130.53), Forcible Touching (Penal Law § 130.52[1]), Sexual Abuse in the Third Degree (Penal Law § 130.55), Criminal Trespass in the Second Degree (Penal Law § 140.15[1]), and Harassment in the Second Degree (Penal Law § 240.26[1]), in connection with an incident that occurred on April 26, 2025, at approximately 7:50 p.m., inside of 85 Weirfield Street, in Kings County. That matter was pending in Kings County Supreme Court under Indictment IND-1655-2025, at the time of the SORA hearing.